UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SUSAN PINSKY,                                    :

                       Plaintiff,      :      **NOTICE OF REMOVAL**

           - against -                  :      New York County Clerk's
                                                          Index No. 104146/07
JP MORGAN CHASE & CO.,                 :

                  Defendant.     :

-------------------------------------------------------------X

### TO: THE HONORABLE JUDGES OF THE
### UNITED STATES DISTRICT COURT FOR
### THE SOUTHERN DISTRICT OF NEW YORK

PLEASE TAKE NOTICE that Defendant JPMorgan Chase Bank, N.A. ("JPMorgan"), erroneously named herein as JP Morgan Chase & Co., hereby removes this action from the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. §§ 1441 et seq., and states:

1.     On or about March 27, 2007, an action was commenced in the Supreme Court of the State of New York, County of New York, entitled Susan Pinsky v. JP Morgan Chase & Co., Index No. 104146/07.

2.     On information and belief, Plaintiff's Summons and Complaint were served by hand on JPMorgan on March 28, 2007.

3.     This case is a civil action over which this District Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441 et seq.

4.     The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. This action involves claims of damages allegedly sustained by Plaintiff as a result of JPMorgan's alleged failure to accommodate her disability in connection with her employment at JPMorgan in violation of the New York State Human Rights Law, New York Executive Law § 296, and the New York City Human Rights Law, New York City Admin. Code § 8-107.

5.     There exists complete diversity of citizenship between the parties. On information and belief, Plaintiff is, and was at the time this action was filed, a citizen of the State of New York.

6.     JPMorgan Chase Bank, N.A., Plaintiff's employer and the proper Defendant herein, is a national banking association with its main office at 1111 Polaris Parkway, Columbus, Ohio 43240.

7.     JPMorgan Chase & Co., the publicly traded holding company which was erroneously named as the Defendant in this action but which was not Plaintiff's actual employer, is, and was at the time this action was filed, a corporation organized under the laws of the State of Delaware. JPMorgan Chase & Co.'s headquarters is located at 270 Park Avenue, New York, New York 10017.

8.     A copy of Plaintiff's Summons and Complaint is attached as Exhibit "A".  In addition, a copy of a Stipulation extending Defendant's time to respond to the Complaint to May 15, 2007 is attached as Exhibit "B".  No other pleadings have yet been served in this action.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

9.    In accordance with 28 U.S.C. § 1446(a), a copy of this Notice of Removal accompanied by written notice of filing shall be given to all parties and filed with the Clerk of the Supreme Court for the State of New York, County of New York, promptly after the filing of this Notice of Removal.

Dated:  April 26, 2007

JPMORGAN CHASE LEGAL AND
COMPLIANCE DEPARTMENT

By:   _____
        Frederic L. Lieberman, Esq. (FLL 9454)
Attorneys for Defendant
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-1815

To:    Arthur Z. Schwartz, Esq.
        Schwartz, Lichten & Bright, P.C.
        275 Seventh Avenue, Suite 1700
        New York, New York 10001
        (212) 228-6320

        Attorneys for Plaintiff


        Clerk of the Court
        Supreme Court of the State of New York
        County of New York
        Clerk's Office
        60 Centre Street
        New York, New York 10007

157470:v1                             3

Exhibit A

OFFICE RECORD

SUPREME COURT OF THE STATE OF NEW YORK    DOCKET YES ___ NO ___ CLOSED ___
COUNTY OF NEW YORK
------------------------------------------------------------------------ X
SUSAN PINSKY

                             Plaintiffs,

          -against-

J.P. MORGAN CHASE AND CO.,

                        Defendant.
------------------------------------------------------------------------ X

**SUMMONS**

**Index No.** 07-0414b

**PLAINTIFF DESIGNATES
NEW YORK COUNTY AS
THE PLACE OF TRIAL**

**TO THE ABOVE-NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a

copy of your answer, or, if the complaint is not served with the summons, to serve a notice of

appearance on the Plaintiffs' Attorney within 20 days after the service of this summons, exclusive

of the day of service, and in the case of your failure to appear or answer, judgment will be taken

against you by default for the relief demanded in the complaint.

Dated: New York, New York
       March 27, 2007

                                SCHWARTZ, LICHTEN & BRIGHT, P.C.
                                Attorneys for Plaintiff

                                By: _____
                                Arthur Z. Schwartz
                                113 University Place, 11th Floor
                                New York, New York  10003
                                Phone:  (212) 228-6320
                                Fax:  (212) 358-1353

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------- X

SUSAN PINSKY,

                              Plaintiff,                    Index No. 07-04146

            - against -                                     **COMPLAINT**

JP MORGAN CHASE & CO.,

                              Defendant.

----------------------------------------------------------------- X


## INTRODUCTION

1.      This is an action brought under the New York City and New York State Human Rights Laws for damages and injunctive relief, filed by an employee of JP Morgan Chase & Co. (hereinafter "Chase") who sought to have a disability accommodated, whose disability was not properly accommodated, and who, as a result, has lost the ability to work.


## VENUE

2.      Venue of this action is properly set in New York County. Defendant's principal New York office is located in New York County, and all actions complained of occurred in New York County.


## PARTIES

3.      Plaintiff Susan Pinsky, at all relevant times, was an employee of defendant Chase.

4.      Defendant Chase is a financial services corporation whose corporate headquarters is located at 270 Park Avenue, New York, New York 10017.

## STATEMENT OF RELEVANT FACTS

5.      Plaintiff began her employment with defendant on or about November 12, 2002. Her initial position was Assistant Financial Advisor. In around February 2004, plaintiff was promoted to the position of Home Equity Loan Officer. In around July 2005, plaintiff was again promoted by being transferred to the JP Morgan Chase Mega-Branch at 55 Water Street in Manhattan.

6.      Plaintiff's work as a Home Equity Loan Officer for defendant largely involved sitting at a desk, for eight to ten hours a day, speaking with customers on the phone.

7.      In around December 2004 plaintiff began to experience an aching pain in her left hip. She sought medical attention and was advised that sitting for long periods of time was the cause of the problem. Prior to her transfer to Water Street, plaintiff was able to alleviate some of the pain by taking breaks, and taking a long walk during lunch.

8.      Upon her transfer to Water Street, plaintiff's workload increased substantially, making it difficult to take breaks and walks. The hip pain worsened and plaintiff's physician recommended that her employer accommodate her by providing her with a "standing desk."

9.      On or about February 24, 2005, plaintiff presented a medical note to Barbara Zimmer, her Human Resources representative, requesting that she be accommodated with the standing desk.

10.     Despite repeated inquiries by plaintiff, she learned on April 14, 2005 that the desk had not been ordered. Plaintiff contacted the Human Resources Medical Department which immediately directed plaintiff's manager to order the standing desk.

2

11.    In fact, the standing desk was never ordered.

12.    During May 2005, plaintiff's hip pain worsened, forcing her to miss work. Upon her return, she was placed at a "service desk," in the back of the branch, which was not constructed in such a way as to alleviate the pressure which was causing plaintiff's hip pain.

13.    On June 1, 2005, plaintiff learned that the standing desk had not been ordered and complained to her supervisor, Dee Lakhani, and Human Resources Representative Barbara Zimmer. Several days later, plaintiff was advised that the desk hadn't been ordered because her position was being eliminated.

14.    In fact, plaintiff's position had been eliminated as part of a corporate reorganization. However, she was being given sixty days to find a new position within Chase, and fully intended and expected, as a high performing employee, to find a new position.

15.    On or about June 10, 2005, plaintiff had an MRI done and discovered that she had disc herniations. Her physicians ordered her to stop work immediately. After two months of physical therapy plaintiff's pain continued; further tests showed that the lining in her left hip was torn and that cysts and a bone spur had developed on her femur.

16.    Plaintiff's inability to work since June 2005 was a proximate result of defendant's failure to provide a reasonable accommodation for her disability.

17.    In addition, plaintiff, as a proximate result of defendant's failure to accommodate her disability, has suffered from severe hip and back pain, and as a result of the extended period of severe pain and inability to work, has suffered from emotional distress, with additional attendant physical consequences.

3

18.     The allegations in paragraphs 1-17 hereunder are incorporated by reference into the Causes of Action set forth below.

## AS AND FOR A FIRST CAUSE OF ACTION

19.     By acting as aforedescribed, defendant discriminated against plaintiff because of her disability, in violation of § 296(1) of the New York State Executive Law.

## AS AND FOR A SECOND CAUSE OF ACTION

20.     By acting as aforedescribed, defendant discriminated against plaintiff because of her disability, in violation of the New York City Human Rights Law, Section 8-107(1) *et seq*.

## DAMAGES

21.     Plaintiff, as a result of defendant's action, has suffered a loss of wages and benefits and suffered severe emotional distress, to her injury, in an amount exceeding $2 million.

22.     By proceeding against plaintiff as described hereinabove, defendant acted with malice, or with reckless disregard for plaintiff's health and well being.

4

**PRAYER FOR RELIEF**

WHEREFORE plaintiff prays that this Court enter judgment:

1.     Awarding plaintiff all pay and benefits lost by her.

2.     Awarding plaintiff $2 million in compensatory damages.

3.     Awarding plaintiff punitive damages in the amount of $2 million.

4.     Awarding plaintiff attorneys' fees and costs.

Dated: March 26, 2007

SCHWARTZ, LICHTEN & BRIGHT, P.C.
Attorneys for Plaintiff

By: _____
      Arthur Z. Schwartz
      113 University Place, 11th Floor
      New York, New York  10003
      (212) 228-6320
      Fax:  (212) 358-1353
      E-mail:  districtleader@msn.com

Exhibit B

OFFICE RECORD

DOCKET YES ✓  NO ____  CLOSED ____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————————————X

SUSAN PINSKY,                              :

                         Plaintiff,        :        Index No. 04146/07

          - against -                      :        STIPULATION OF
                                                    ADJOURNMENT
JP MORGAN CHASE & CO.,                     :

                         Defendant.        :

————————————————————————X

   **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned that

the time for Defendant JPMorgan Chase Bank, N.A., incorrectly named herein as JP Morgan

Chase & Co., to move, answer, object or otherwise plead against the Complaint in this action is

extended from Tuesday, April 17, 2007 to and including Tuesday, May 15, 2007.

Dated: April 13, 2007          **SCHWARTZ, LICHTEN & BRIGHT, P.C.**

                               By: _____
                                   Arthur Z. Schwartz, Esq.
                               113 University Place, 11th Floor
                               New York, New York 10003
                               (212) 228-6320

                               Attorneys for Plaintiff

Dated: April 13, 2007          **JPMORGAN CHASE LEGAL AND**
                               **COMPLIANCE DEPARTMENT**

                               By: _____
                                   Frederic L. Lieberman, Esq.
                               Attorneys for Defendant
                               One Chase Manhattan Plaza, 26th Floor
                               New York, New York 10081
                               (212) 552-1815

157361 \1