UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SUSAN PINSKY,                                    :

                     Plaintiff,       :

                07 Civ. 3328 (CM) (HP)

       - against -                          :

                **ANSWER**

JP MORGAN CHASE & CO.,                           :

                    Defendant.      :

------------------------------------------------------------X

       Defendant JPMorgan Chase Bank, N.A. ("the Bank" or "JPMorgan Chase"), incorrectly named herein as JP Morgan Chase & Co., by its attorney, JPMorgan Chase Legal and Compliance Department, Frederic L. Lieberman, Assistant General Counsel, as and for its Answer to the Complaint, asserts as follows:

## AS TO THE INTRODUCTION

       1.    The allegations set forth therein in paragraph "1" of the Complaint constitute a description of Plaintiff's claims in this action as to which no response is required. To the extent that JPMorgan Chase is required to respond to the allegations of paragraph "1", JPMorgan Chase admits that Plaintiff purports to bring this action pursuant to the New York State and City Human Rights Laws, denies the truth of the remainder of the allegations set forth therein and further denies that Plaintiff is entitled to any remedy or relief.

## AS TO VENUE

       2.    The allegations set forth therein in paragraph "2" of the Complaint constitute conclusions of law regarding the proper venue of this action as to which no response is required. To the extent that JPMorgan Chase is required to respond to the allegations of paragraph "2",

157472:v1

JPMorgan Chase denies knowledge or information sufficient to form a belief as to the truth of those allegations, except denies that the Bank has its principal office in New York County, and avers that the Bank is a national banking association with its main office at 1111 Polaris Parkway, Columbus, Ohio 43240.

## AS TO PARTIES

3. Upon information and belief, admits the truth of the allegations set forth in paragraph "3" of the Complaint.

4. Denies the truth of the allegations set forth in paragraph "4" of the Complaint, except admits that JPMorgan Chase & Co. is a corporation organized under the laws of the State of Delaware, is authorized to do business in New York, and has a principal place of business located at 270 Park Avenue, New York, New York 10017, and avers that the Bank is a national banking association with its main office at 1111 Polaris Parkway, Columbus, Ohio 43240, and further avers that Plaintiff was employed by JPMorgan Chase Bank, N.A., but not by JPMorgan Chase & Co.

## AS TO STATEMENT OF RELEVANT FACTS

5. Denies the truth of the allegations set forth in paragraph "5" of the Complaint, except avers that Plaintiff was hired by Chase Investment Services Corp., effective November 12, 2002, as a Personal Financial Advisors Assistant, she applied for and was hired by JPMorgan Chase Bank, effective February 1, 2004, as a Home Equity Loan Officer, and that in or about late 2004 or early 2005, although Plaintiff's job title remained the same, Plaintiff's work location was changed to the Bank's Branch located at 55 Water Street, New York, New York.

6. Denies the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8 of the Complaint, except denies the truth of the allegation that Plaintiff's workload increased substantially upon her transfer to the 55 Water Street work location.

9. Denies the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies the truth of the allegations set forth in paragraph "10" of the Complaint, except avers that Plaintiff and her manager agreed that Plaintiff could use an existing customer service workstation that was designed for use by employees who were standing, rather than requiring the Bank to obtain an additional standing desk.

11. Admits the truth of the allegations set forth in paragraph "11" of the Complaint, except avers that Plaintiff and her manager agreed that Plaintiff could use an existing customer service workstation that was designed for use by employees who were standing, rather than requiring the Bank to obtain an additional standing desk.

12. Denies the truth of the allegations set forth in paragraph "12" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's hip pain.

13. Denies the truth of the allegations set forth in paragraph "13" of the Complaint, except admits that Plaintiff complained that she had not been provided with a standing desk.

14. Denies the truth of the allegations set forth in paragraph "14" of the Complaint, except avers that Plaintiff was notified orally in or about March 2005 and in writing on May 20, 2005 that her position as a Home Equity Loan Officer was being eliminated, and that she

received a sixty (60) day paid notice period before the elimination of her position took effect, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning her intent and expectations.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Denies the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Repeats and realleges its responses to paragraphs "1" through "17" of the Complaint as if fully set forth herein.

## AS TO PLAINTIFF'S FIRST CAUSE OF ACTION

19. Denies the truth of the allegations set forth in paragraph "19" of the Complaint.

## AS TO PLAINTIFF'S SECOND CAUSE OF ACTION

20. Denies the truth of the allegations set forth in paragraph "20" of the Complaint.

## AS TO DAMAGES

21. Denies the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Denies the truth of the allegations set forth in paragraph "22" of the Complaint.

23. The allegations set forth in the "Prayer for Relief" section of the Complaint constitute a demand for relief as to which no response is required. To the extent that JPMorgan Chase is required to respond to the allegations of the "Prayer for Relief", JPMorgan Chase denies that Plaintiff is entitled to any or all of the remedies or relief sought therein.

## AFFIRMATIVE DEFENSES

JPMorgan Chase asserts that it only bears the burden of proof on those matters set forth herein as affirmative defenses within the meaning of Fed. R. Civ. P. 8(c). JPMorgan Chase sets forth its defenses and affirmative defenses to Plaintiff's claims as follows:

### AS AND FOR A FIRST DEFENSE

24.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or the damages sought can be awarded.

### AS AND FOR A SECOND DEFENSE

25.     Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy the jurisdictional prerequisites, appropriate statutes of limitations and/or conditions precedent to asserting any or all of such claims.

### AS AND FOR A THIRD DEFENSE

26.     Plaintiff's disability discrimination claims are barred, in whole or in part, by the fact that any and all actions taken by JPMorgan Chase with respect to Plaintiff were based upon legitimate, non-discriminatory business reasons totally unrelated to Plaintiff's alleged disability, and were without any discriminatory animus or in violation of any rights under any discrimination laws.

### AS AND FOR A FOURTH DEFENSE

27.     Plaintiff's disability discrimination claims are barred because she does not come within the statutory definitions of an individual with a disability or impairment.

## AS AND FOR A FIFTH DEFENSE

28. Plaintiff's disability discrimination claims are barred because she did not identify herself as an individual with a disability or impairment as defined by the statutes or request an "accommodation" of any alleged disability or impairment at any time.

## AS AND FOR A SIXTH DEFENSE

29. Plaintiff's claims are barred because any reasonable accommodation requested by Plaintiff would have imposed an undue hardship on the Bank.

## AS AND FOR A SEVENTH DEFENSE

30. Each and every action taken by JPMorgan Chase was undertaken in good faith and in full compliance with all applicable laws, rules, and regulations.

## AS AND FOR AN EIGHTH DEFENSE

31. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## AS AND FOR A NINTH DEFENSE

32. Upon information and belief, Plaintiff's claims for damages are barred and/or limited in that she has failed to mitigate her damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

## AS AND FOR AN TENTH DEFENSE

33. Plaintiff's claims are barred and/or limited by the doctrine of laches, waiver or estoppel.

## AS AND FOR A ELEVENTH DEFENSE

34. Plaintiff's claims are barred and/or limited by her fraudulent conduct.

## AS AND FOR A TWELFTH DEFENSE

35.     Plaintiff's claims are barred and/or limited by her violation of the Bank's Code of Conduct.

## AS AND FOR A THIRTEENTH DEFENSE

36.     Plaintiff's damages are barred and/or limited by the after acquired evidence doctrine.

## AS AND FOR A FOURTEENTH DEFENSE

37.     Plaintiff's claims are barred and/or limited by the Release Agreement with JPMorgan Chase Bank that she executed on or about June 24, 2005.

## AS AND FOR A FIFTEENTH DEFENSE

38.     Upon information and belief, Plaintiff's claims pursuant to the New York City Human Rights Law are barred by Plaintiff's failure to serve a copy of the Complaint herein on the New York City Commission on Human Rights.

## AS AND FOR A SIXTEENTH DEFENSE

39.     Plaintiff's claims for punitive damages are barred in that the Bank did not act maliciously or with reckless indifference toward Plaintiff.

**WHEREFORE**, Defendant JPMorgan Chase Bank, N.A. demands judgment against Plaintiff:

(a)     dismissing the Complaint in its entirety with prejudice;

(b)     denying the demands and prayer for relief contained in the Complaint;

(c)     awarding Defendant JPMorgan Chase Bank, N.A. its reasonable costs, disbursements, and attorneys' fees; and

(d)     granting such other further relief as may be just and proper.

Dated: May 15, 2007

                                            **JPMORGAN CHASE LEGAL AND COMPLIANCE DEPARTMENT**

By: _/s/ Frederic L. Lieberman/FLL_
      Frederic L. Lieberman, Esq. (FLL 9454)
Attorneys for Defendant
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-1815

To:    Arthur Z. Schwartz, Esq.
        Schwartz, Lichten & Bright, P.C.
        275 Seventh Avenue, Suite 1700
        New York, New York 10001
        (212) 228-6320

        Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SUSAN PINSKY,                                    :
                                                 Index No. 104146/07
                Plaintiff,       :
                                                 **CERTIFICATE OF SERVICE**
     - against -                                :

JP MORGAN CHASE & CO.,                           :

                Defendant.        :

------------------------------------------------------------X

    I hereby certify that on May 15, 2007 I caused a copy of the following document :

**ANSWER**

to be served by first class mail directed to the attorney of plaintiff at the following address:

    Arthur Z. Schwartz, Esq.
    Schwartz, Lichten & Bright, P.C.
    275 Seventh Avenue, Suite 1700
    New York, New York 10001


Dated: May 15, 2007

                                          _____
                                          Frederic L. Lieberman (FL 9454)

157605:v1