UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X

SUSAN PINSKY,

                            Plaintiff,                        07 Civ. 3328 (CM) (HP)

        - v. -                                              REPLY TO
                                                                       COUNTERCLAIM

J P MORGAN CHASE & CO.,

                            Defendant.

---------------------------------------------------------------- X

       Plaintiff Susan Pinsky, by her undersigned attorneys, replies to the counterclaim as follows:

       1.      With respect to ¶ 40, plaintiff denies the allegation and asserts that such documentation was supplied by an earlier date.

       2.      With respect to ¶ 41, plaintiff admits the allegations.

       3.      With respect to ¶ 42, plaintiff admits the allegations.

       4.      With respect to ¶ 43, plaintiff admits the allegations.

       5.      With respect to ¶ 44, plaintiff admits the allegations.

       6.      With respect to ¶ 45, plaintiff admits the allegations.

       7.      With respect to ¶ 46, plaintiff admits the allegations.

       8.      With respect to ¶ 47, plaintiff admits the allegations.

       9.      With respect to ¶ 48, plaintiff admits the allegations.

10. With respect to ¶ 49, plaintiff admits the allegations.

11. With respect to ¶ 50, plaintiff admits the allegations.

12. With respect to ¶ 51, plaintiff admits the allegations.

13. With respect to ¶ 52, plaintiff admits the allegations.

14. With respect to ¶ 53, plaintiff admits the allegations.

15. With respect to ¶ 54, plaintiff admits the allegations.

16. With respect to ¶ 55, plaintiff admits the allegations.

17. With respect to ¶ 56, plaintiff admits the allegations.

18. With respect to ¶ 57, plaintiff admits the allegations.

19. With respect to ¶ 59, plaintiff admits the allegations.

20. With respect to ¶ 59, plaintiff admits the allegations.

21. With respect to ¶ 60, plaintiff admits the allegations.

22. With respect to ¶ 61, plaintiff admits the allegations.

23. With respect to ¶ 62, plaintiff admits the allegations.

24. With respect to ¶ 63, plaintiff admits the allegations.

25. With respect to ¶ 64, plaintiff admits the allegations.

26. With respect to ¶ 65, plaintiff admits the allegations.

27. With respect to ¶ 66, plaintiff admits the allegations except that she had knowledge of the requirement that she be pre-cleared to serve as a director or officer of another company while on leave, and denies that while on leave an employee is required to pre-clear such activities.

28. With respect to ¶ 67, plaintiff admits the allegations.

29. With respect to ¶ 68, plaintiff denies the allegations.

30. With respect to ¶ 69, plaintiff denies the allegations, since plaintiff continues to be disabled and will continued to be until on or about September 1, 2007.

31. With respect to ¶ 70, plaintiff denies the allegations, since plaintiff continues to be disabled and will continued to be until on or about September 1, 2007.

32. With respect to ¶ 71, plaintiff denies the allegations, and asserts that she will continue to be eligible for the described benefits until on or about September 1, 2007.

33. With respect to ¶ 72, plaintiff denies the allegations, and asserts that she will continue to be eligible for the described benefits until on or about September 1, 2007.

34. With respect to ¶ 73, plaintiff denies the allegations; plaintiff has never been employed by Tri-State Biodiesel.

35. With respect to ¶ 74, plaintiff denies the allegations; plaintiff has never been employed by Tri-State Biodiesel.

36. With respect to ¶ 75, plaintiff reasserts the reply set forth in ¶¶ 1 – 34 herinabove.

37. With respect to ¶ 76, plaintiff denies the allegations, except that plaintiff admits that she was fully disabled and unable to work during the period of her short-term and long-term disability leave.

38. With respect to ¶ 78, plaintiff denies the allegations.

39. With respect to ¶ 79, plaintiff admits the allegations.

40. With respect to ¶ 80, plaintiff denies the allegations; plaintiff remains unable to work.

41. With respect to ¶ 81, plaintiff denies the allegations.

42. With respect to ¶ 82, plaintiff denies the allegations.

43. With respect to ¶ 83, plaintiff denies the allegations.

44. With respect to ¶ 84, plaintiff reasserts the reply set forth in ¶¶ 1 – 44 herinabove.

45. With respect to ¶ 85, plaintiff denies the allegations.

46. With respect to ¶ 86, plaintiff denies the allegations.

47. With respect to ¶ 87, plaintiff denies the allegations.

48. With respect to ¶ 88, plaintiff denies the allegations.

49. With respect to ¶ 89, plaintiff denies the allegations.

50. With respect to ¶ 90, plaintiff reasserts the reply set forth in ¶¶ 1 – 50 herinabove.

51. With respect to ¶ 91, plaintiff denies the allegations.

52. With respect to ¶ 92, plaintiff denies the allegations.

53. With respect to ¶ 93, plaintiff denies the allegations.

54. With respect to ¶ 94, plaintiff denies the allegations.

WHEREFORE, plaintiff demands that the counterclaim be dismissed with costs.

Dated: New York, New York
      July 16, 2007

                                    SCHWARTZ, LICHTEN & BRIGHT, P.C.
                                    Attorneys for Plaintiff

By: _____
      Arthur Z. Schwartz
      275 Seventh Avenue, 17th Floor
      New York, New York 10001
      (212) 228-6320

TO: Frederic L. Lieberman, Esq.
      J P Morgan Chase Legal
      One Chase Manhattan Plaza, 26th Floor
      New York, New York 10081