UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | | |
|---|---|---|
| SUSAN PINSKY, | : | ECF |
| Plaintiff, | : | 07 Civ. 3328 (CM) (HP) |
| - against - | : | **AFFIDAVIT OF FREDERIC L. LIEBERMAN IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| JP MORGAN CHASE & CO., | : | |
| Defendant. | : | |

------------------------------------------------------------X

STATE OF NEW YORK   )
                    ) SS.:
COUNTY OF NEW YORK  )

Frederic L. Lieberman, being duly sworn, deposes and says:

1. I am an Assistant General Counsel in the JPMorgan Chase Legal and Compliance Department, attorneys for JPMorgan Chase Bank, N.A. ("Defendant" or the "Bank"), the Defendant in this action, incorrectly named as JPMorgan Chase & Co.

2. I am familiar, based on personal knowledge, information and belief, and/or the records of the Defendant, with the facts and circumstances hereinafter set forth. I make this affidavit in support of Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56(b).

<u>Plaintiff's Background</u>

3. At all relevant times, Plaintiff Susan Pinsky ("Pinsky" or "Plaintiff") has been an employee of the Bank. <u>See</u> ¶ 3 of Plaintiff's Complaint, a copy of which is attached hereto as Exhibit "F".

160866:v1

4.  Ms Pinsky received a Bachelor of Arts degree from Baruch College in June 2002. See page 4 of the on-line application submitted by Plaintiff for a Home Equity Loan Officer position with the Bank, a copy of which is attached hereto as Exhibit "A".

5.  Ms Pinsky has received Series 7 and Series 66 securities licenses, as well as a Life & Health Insurance license, from a financial industry self-regulatory organization. See Exhibit "A" at page 6.

6.  Between June 1997 and May 2005, Ms Pinsky had been employed as a Technical Recruiter for Interim Technology, The Consulting Group, as a Senior Technical Recruiter for Excel Partners, as a New York Metro Account Manager for Jobs.com, as a Financial Advisor for Merrill Lynch, as an Personal Financial Advisor Assistant for Chase Investment Services Corp., and as a Home Equity Loan Officer for the Bank. See Exhibit "A" at pages 5-6.

The Elimination of Plaintiff's Position with the Bank and Her Leave of Absence

7.  On May 20, 2005, Dee Lakhani, Plaintiff's manager, gave Plaintiff written notice that her position with the Bank was being eliminated, her employment would be terminated as of July 18, 2005, and she was eligible for severance-related benefits. A copy of the notice letter given to Plaintiff is attached hereto as Exhibit "B".

8.  JPMorgan Chase & Co., the Bank's holding company parent, has a Severance Pay Plan that sets forth certain benefits available to eligible employees. A copy of the Severance Pay Plan that was in effect when Plaintiff received her May 20, 2005 notice letter is attached hereto as Exhibit "C".

9.  On June 13, 2005, Plaintiff began a short-term disability leave of absence. A copy of the AccessHR Case Information form regarding Plaintiff's leave of absence is attached hereto as Exhibit "D".

10. On June 24, 2005, pursuant to the provisions of the Severance Pay Plan and the May 20, 2005 notice letter, Plaintiff executed a Release Agreement and returned it to JPMorgan Chase. A copy of the executed Release Agreement is attached hereto as Exhibit "E".

11. Effective December 12, 2005, Plaintiff was approved for a long-term disability leave of absence. See Exhibit "D".

This Action

12. On March 27, 2007, Pinsky filed her Complaint in this action in New York State Supreme Court, asserting claims of disability discrimination under the New York State Human Rights Law and the New York City Human Rights Law, alleging that Defendant failed to make any reasonable accommodation for her disability. See Exhibit "F".

13. Plaintiff's Complaint was served on Defendant on March 28, 2007.

14. On April 26, 2007, Defendant removed this action from New York State Supreme Court, New York County, to the United States District Court for the Southern District of New York.

15. On May 15, 2007, Defendant filed its Answer to Pinsky's Complaint. A copy of Defendant's Answer is attached hereto as Exhibit "G".

16. On June 4, 2007, Defendant filed its Amended Answer to Pinsky's Complaint. A copy of Defendant's Amended Answer is attached hereto as Exhibit "H".

Recent Developments

17. On July 10, 2007, Plaintiff's surgeon cleared her to return to work as of September 1, 2007. A copy of a July 10, 2007 letter from Plaintiff's surgeon is attached hereto as Exhibit "I".

18. Since Plaintiff was cleared to return to work, and pursuant to the Severance Pay Plan, Plaintiff received payment for ten (10) weeks of severance on September 13 and 14, 2007. A copy of Plaintiff's Payroll Profile is attached hereto as Exhibit "J".

19. On September 19, 2007, Plaintiff attempted to file a First Amended Complaint, asserting an additional claim that Defendant's alleged actions also violated the Americans with Disabilities Act. A copy of Plaintiff's proposed First Amended Complaint is attached hereto as Exhibit "K".

WHEREFORE, Defendant respectfully requests that the Court (1) grant its motion for summary judgment; (2) dismiss this action in its entirety with prejudice; (3) grant Defendant its costs and attorneys' fees; and (4) grant such other and further relief as this Court deems just and proper.

_____
Frederic L. Lieberman

Sworn to before me this
___20th___ day of September, 2007

_____
Notary Public

TODD A. GUTFLEISCH
Notary Public, State of New York
No. 02GU5039698
Qualified in Nassau County
Commission Expires February 21, 20 11

160866:v1                                                         4