UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SUSAN PINSKY,                                       :

                    Plaintiff,     :     ECF

      - against -                              :     07 Civ. 3328 (CM) (HP)

JP MORGAN CHASE & CO.,                     :

                  Defendant.    :

-----------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S MOTION FOR A STAY OF DISCOVERY


**JPMORGAN CHASE LEGAL AND COMPLIANCE DEPARTMENT**
Frederic L. Lieberman
Assistant General Counsel
One Chase Manhattan Plaza, Floor 26
New York, New York 10081
(212) 552-1815

Attorneys for Defendant

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Authorities………………………………………………………………….. | ii |
| Preliminary Statement………………………………………………………………… | 1 |
| Statement of Facts……………………………………………………………………. | 2 |
| ARGUMENT…………………………………………………………………………... | 3 |
| DISCOVERY AND THE SCHEDULING ORDER SHOULD BE STAYED PENDING DETERMINATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT …………………………………………………………………………. | 3 |
|     A.    Introduction………………………………………………………….. | 3 |
|         1.    Permitting Discovery At This Juncture Would Be A Waste Of Judicial Resources Given The Pendency Of The Motion For Summary Judgment………………………... | 4 |
|         2.    Staying Discovery Until The Court Decides The Motion For Summary Judgment Will Not Prejudice Plaintiffs In Any Material Way……………………………………………. | 6 |
|         3.    Alternatively, The Court Should Extend The Discovery Period…………………………………………………………. | 7 |
| Conclusion……………………………………………………………………………. | 7 |

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page**

Chesney v. Valley Stream UFSD No. 24, 236 F.R.D. 113 (E.D.N.Y. 2006)    5

Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97 (2nd Cir. 1981)    5

Hahn v. Star Bank, 190 F.3d 708 (6th Cir. 1999)    5

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433 (S.D.N.Y. 2002)    5

Landis v. North American Co., 299 U.S. 248, 57 S. Ct. 163 (1936)    4

Rivera v. Heyman, 96 Civ. 4489 (PKL), 1997 WL 86394 (S.D.N.Y. Feb. 27, 1997)    5

Scroggins v. Air Cargo, Inc., 534 F.2d 1124 (5th Cir. 1976), reh'g denied, 540 F.2d 1085 (5th Cir. 1976)    5

Spencer Trask Software and Information Services, LLC v. RPost Int'l Ltd., 206 F.R.D. 367 (S.D.N.Y. 2002), stay lifted by, 383 F. Supp.2d. 428 (S.D.N.Y. 2003)    5

Telesca v. Long Island Housing Partnership, Inc., CV 05-5509 (ADS), 2006 WL 1120636 (E.D.N.Y. April 27, 2006)    5

**Statutes**

Fed. R. Civ. P. 16(a)(3)    4

Fed. R. Civ. P. 26(c)    4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SUSAN PINSKY,                                  :

                Plaintiff,       :
                                                      ECF
       - against -                            :
                                                        07 Civ. 3328 (CM) (HP)
JP MORGAN CHASE & CO.,                         :

                Defendant.      :

------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR A STAY OF DISCOVERY**

Preliminary Statement

Defendant JPMorgan Chase Bank, N.A. ("the Bank", "JPMorgan Chase" or "Defendant"), incorrectly named herein as JPMorgan Chase & Co., by and through its attorneys, respectfully submits this Memorandum of Law in support of its motion for a stay of discovery and an extension sine die of the dates set in the Consent Scheduling Order pending determination of Defendant's motion for summary judgment. As shown in Defendant's memorandum in support of its summary judgment motion, Plaintiff's disability discrimination claims should be

161089:v1

dismissed because Plaintiff released all such claims against Defendant in a Release Agreement she executed on June 24, 2005. Accordingly, in order to conserve the Court's and the parties' resources pending determination of the summary judgment motion, Defendant requests that discovery be stayed and the other dates set forth in the Consent Scheduling Order be extended.

## STATEMENT OF FACTS

Plaintiff commenced this action against the Bank on March 27, 2007 when she filed her Complaint with the Supreme Court of the State of New York, New York County. Lieberman Aff. ¶ 3. In her Complaint, Plaintiff asserts claims of disability discrimination under the New York State Human Rights Law and the New York City Human Rights Law, alleging that the Bank failed to make reasonable accommodation for her disability. Id. Defendant then removed this action from New York State Supreme Court to this Court. Id. at ¶ 5. Defendant answered Plaintiff's Complaint on May 15, 2007 and filed an Amended Answer on June 4, 2007. Id. at ¶¶ 6, 7. In both its Answer and Amended Answer, Defendant asserted as a defense that "Plaintiff's claims are barred and/or limited by the Release Agreement with JPMorgan Chase Bank that she executed on or about June 24, 2005."

On June 29, 2007, the Court adopted the parties' Consent Scheduling Order. Lieberman Aff. ¶ 8 and Exhibit "A". In relevant part, the Consent Scheduling Order requires that: (1) Plaintiff's deposition proceed first and must be completed by September 28, 2007; (2) Rule 26(a)(2) disclosures must be made no later than October 19, 2007 for plaintiff's expert report and November 16, 2007 for defendant's expert report; (3) all discovery shall be completed on or before December 31, 2007; (4) a joint pretrial order, together with trial memoranda of law, shall be filed on or before February 29, 2008; and (5) motions for summary judgment shall be served no later than February 29, 2008. Id. at ¶ 9 and Exhibit "A".

On September 20, 2007, together with this motion, the Bank filed its Rule 56 motion for summary judgment in which it seeks to have the Court to dismiss all Plaintiff's claims. Lieberman Aff. ¶ 11. In that motion, the Bank asserts that all of Plaintiff's claims are barred by the Release Agreement that Plaintiff executed on June 24, 2005, making that motion potentially dispositive of the entire case. Id.

Defendant's counsel wrote to Plaintiff's attorney on September 18, 2007 seeking his consent to the relief requested in this motion, but as of the time of filing this motion, Plaintiff's attorney had not responded. Lieberman Aff. ¶ 12. Thus, the parties were unable to reach agreement regarding the requested relief. Id. at ¶ 13.

## ARGUMENT

### DISCOVERY AND THE SCHEDULING ORDER SHOULD BE STAYED PENDING DETERMINATION OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**A.   INTRODUCTION**

Together with the filing of the instant motion for a stay of discovery, Defendant simultaneously moved for summary judgment, seeking the dismissal of Plaintiff's Complaint and action in their entirety. As ground for dismissal, Defendant has asserted the affirmative defense that Plaintiff executed a release of all claims against Defendant. The Bank respectfully submits that its motion for summary judgment raises an issue that is likely to dispose of the case without further discovery. While Defendant's motion for summary judgment is pending, it is within this Court's inherent power and broad discretion to stay discovery matters to prevent waste of judicial resources and unnecessary discovery.

In order to minimize the potential waste of both the Court's and the parties' resources that could occur while Defendant's summary judgment motion is pending, Defendant respectfully requests that the Court stay discovery until after a ruling on that motion. Defendant's

summary judgment motion, if granted, would eliminate this case in its entirety. Allowing discovery to proceed while the motion is pending would entail taking and defending the depositions of Plaintiff and the various persons Plaintiff claims to have discoverable information regarding her claims, preparation of possible expert reports, possible court conferences, preparation of a pre-trial order, and submission of a summary judgment motion that also addressed the substance of Plaintiff's claims. Thus, it is to both parties' and the Court's advantage for the Court to rule on this issue before these possibly needless and costly steps are undertaken. Alternatively, should the Court deny the summary judgment motion, Defendant requests that the Court extend the discovery deadline in order to allow the parties to complete discovery.

> 1. **Permitting Discovery At This Juncture Would Be A Waste Of Judicial Resources Given The Pendency Of The Motion For Summary Judgment.**

It has long been recognized that the power to stay an action is incidental to the inherent power of the court to conserve scarce judicial resources and promote the efficient disposition of cases. Landis v. North American Co., 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936). The principle of conservation of judicial and litigant resources finds expression in the avoidance of unnecessary proceedings. Fed. R. Civ. P. 26(c) is a provision which provides a court with the latitude to direct a stay where -- as here -- there are compelling circumstances for the imposition of a stay.

The court has broad discretion to supervise and direct the discovery process, and to discourage wasteful pretrial activities. See Fed. R. Civ. P. 16(a)(3). Thus,

> "[p]ursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a district court may stay discovery upon a showing of 'good cause.' … This Court may also control the timing and sequence of discovery pursuant to Federal Rule of Civil Procedure Rule 26(d). Based on these provisions, courts in this district have held 'that a stay of discovery is appropriate pending resolution of a potentially

> dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" ... In granting a stay, courts generally consider 'the breadth of discovery sought and the burden of responding to it.'"

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (citations omitted); see also Chesney v. Valley Stream UFSD No. 24, 236 F.R.D. 113, 114 (E.D.N.Y. 2006); Telesca v. Long Island Housing Partnership, Inc., CV 05-5509 (ADS), 2006 WL 1120636 *1 (E.D.N.Y. April 27, 2006) (copy attached at Tab 1); Spencer Trask Software and Information Services, LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002), stay lifted by, 383 F. Supp.2d. 428 (S.D.N.Y. 2003) (citations omitted).

These principles apply with equal strength where a summary judgment motion is pending. Thus, in Contemporary Mission, Inc. v. United States Postal Serv., 648 F.2d 97, 105 (2nd Cir. 1981), the Court of Appeals held that the district court " acted well within its discretion" when it granted a stay of discovery pending determination of defendants' motion for summary judgment. See also Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999) (no abuse of discretion where the district court stayed discovery until it resolved a pending motion to dismiss or for summary judgment); Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976), reh'g denied, 540 F.2d 1085 (5th Cir. 1976) (no abuse of discretion where the district court ordered discovery stayed until it determined whether the case would be resolved by summary judgment).

These principles are especially apt where the pending motion, if granted, would result in the dismissal of the entire action. Thus, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." Rivera v. Heyman, 96 Civ. 4489 (PKL), 1997 WL 86394 *1 (S.D.N.Y. Feb. 27, 1997) (copy attached at Tab 2). In this case, as set forth fully in Defendant's motion for summary judgment, Plaintiff's execution of the Release Agreement is a complete defense to her

161089:v1                                    5

claims in this action. Moreover, Defendant's motion does not just go to its release from liability, but also to its release from having to defend itself. Thus, it should be decided before any further proceedings occur.

In the case at hand, staying discovery pending resolution of Defendant's motion for summary judgment is certainly a logical means of preventing the unnecessary expenditure of time, money and judicial resources. Staying discovery pending resolution of this issue will alleviate the unnecessary expenditure of considerable money, time, and resources. Moreover, in the event that said motion is later denied, discovery will proceed, and Plaintiff will be afforded a full opportunity in which to conduct discovery. Accordingly, Defendant asks the Court for an order staying discovery due to the mutual interests shared by the Court and the parties in the efficient use of their resources, and in order to not to put the parties through the time and expense of further proceedings until after the Court rules on the pending motion for summary judgment.

### 2.    Staying Discovery Until The Court Decides The Motion For Summary Judgment Will Not Prejudice Plaintiffs In Any Material Way.

Given the fact that a motion is pending that asserts that Plaintiff has given up her right to sue Defendant, the benefits of maintaining a stay -- conservation of the resources of the parties and the Court -- far outweigh any potential detriment caused by such a stay until the Court has an opportunity to rule on the summary judgment motion. Thus, any potential detriment that could be caused by any increase in the amount of time between the filing of the Complaint (almost two years after Plaintiff's claims accrued) and trial is miniscule compared to the resources the parties will save by not having to engage in wasteful discovery. Moreover, staying discovery pending the resolution of Defendant's motion does not prejudice Plaintiff because discovery is not required to resolve Defendant's motion for summary judgment.

### 3. Alternatively, The Court Should Extend The Discovery Period.

In the alternative, Defendant respectfully requests that the Court extend the December 31, 2007 discovery deadline and the other deadlines set out in the Consent Scheduling Order by a time sufficient to permit the parties adequate time to complete discovery and other required pre-trial procedures should the motion for summary judgment be denied.

### CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court enter an Order staying discovery and vacating the discovery closure date and dispositive motion deadline pending determination of Defendant's Motion for Summary Judgment.

Dated: September 20, 2007

JPMORGAN CHASE LEGAL AND
COMPLIANCE DEPARTMENT

By: _____
Frederic L. Lieberman
One Chase Manhattan Plaza, Floor 26
New York, New York 10081
(212) 552-1815

Attorneys for Defendant

1

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2006 WL 1120636 (E.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Telesca v. Long Island Housing Partnership, Inc.
E.D.N.Y.,2006.
Only the Westlaw citation is currently available.
United States District Court,E.D. New York.
Maria TELESCA, Plaintiff,
v.
The LONG ISLAND HOUSING PARTNERSHIP, INC., Bay Shore Partnership Housing Development Fund Company, Inc., Town of Islip, Beechwood South Wind Building Corp., New York State Division of Housing and Community Renewal, and Town of Huntington, Defendants.
No. CV 05-5509(ADS)(ETB).

April 27, 2006.

Lee David Vartan, Friedman Kaplan Seiler & Adelman LLP, New York, NY, for Plaintiff.
Peter L. Contini, L'Abate, Balkan, Colavita & Contini, L.L.P., Garden City, NY, William D. Wexler, William D. Wexler, Esq., North Babylon, NY, Andrew L. Richards, Keith J. Gutstein, Kaufman, Schneider & Bianco, LLP, Jericho, NY, Toni E. Logue, NYS Attorney General's Office, Mineola, NY, Margaret L. Pezzino, Town of Huntington, Huntington, NY, for Defendants.

*MEMORANDUM OPINION and ORDER*
E. THOMAS BOYLE, Magistrate Judge.
*1 Presently before the Court is a motion by defendants The Long Island Housing Partnership, Inc.(" LIHP" ), Bay Shore Partnership Housing Development Fund Company, Inc. (" Bay Shore Partnership" ), Town of Islip, Beechwood South Wind Building Corp.(" Beechwood" ), New York State Division of Housing and Community Renewal (" DHCR" ), and Town of Huntington (collectively, " defendants" ) to **stay** **discovery** during the pendency of the defendants' motion to dismiss, now before District Judge Spatt. (Letter from Peter L. Contini to the undersigned, dated March 17, 2006 (" Defs.' Mot." ).)

In her complaint, plaintiff Maria Telesca (" Telesca" ), an individual with a disability, alleges that the defendants violated Section 504 of the Rehabilitation Act of 1973 and its implementing regulations when they failed to: " (1) make 5% of homeowner units constructed with federal funds fully accessible to those with mobility impairments and 2% accessible to those with visual and auditory impairments; (2) affirmatively market those accessible homeowner units to persons with disabilities; and (3) administer the lottery for those homeowner units in [a] manner that ensured persons with disabilities had access to them." (Letter from Lee D. Vartan to the undersigned, dated March 24, 2006 (" Pl.'s Opp'n" ), at 2.)

Defendants argue that proceeding with **discovery** at this point would be costly and unduly burdensome, in light of the pending motions to dismiss. (Defs.' Mot. at 3.) Defendants further argue that plaintiff will not be prejudiced by a **stay** of **discovery** considering the amount of time that plaintiff waited to file her complaint (the source of plaintiff's complaint, the denial of the purchase of a townhouse, occurred in November 2001, and plaintiff's complaint was not filed until November 2005).(*Id.*)

Under Federal Rule of Civil Procedure 26(c), a district court may **stay** **discovery** during the pendency of a motion to dismiss for " good cause shown." *In re Currency Conversion Fee Antitrust Litigation,* No. MDL 1409, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); *United States v. County of Nassau,* 188 F.R.D. 187, 188 (E.D.N.Y.1999); *Moore v. Painewebber, Inc.,* No. 96 Civ. 6820, 1997 WL 12805, at * 1 (S.D.N.Y. Jan. 14, 1997). It is black letter law that the mere filing of a motion to dismiss the complaint does not constitute " good cause" for the issuance of a discovery stay. *In re Currency Conversion Fee,* No. MDL 1409, M21-95, 2002 WL 88278, at *1; *County of Nassau,* 188 F.R.D. at 188;*Moore,* 1997 WL 12805, at * 1. Rather, good cause " ' requires a showing of facts militating in favor of the stay.' " *In re Currency Conversion Fee,* 2002 WL 88278, at *1 (quoting *American Booksellers Ass'n v. Houghton Mifflin Co.,* No. 94 Civ. 8566, 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995)). Factors that courts have considered when determining whether or not a **stay** is appropriate include: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of **discovery** and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the **stay**. *In re Currency*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-03328-CM-HBP   Document 22   Filed 09/20/2007   Page 13 of 16

Not Reported in F.Supp.2d                                                                                                Page 3
Not Reported in F.Supp.2d, 2006 WL 1120636 (E.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Conversion Fee, 2002 WL 88278, at *1. Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a **stay**, and the posture or stage of the litigation. Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y.1991).

*2 Here, all six defendants have joined in the request, and they all raise substantial issues with regard to the viability of plaintiff's complaint. In particular, defendants LIHP and Bay Shore Partnership note that plaintiff filed a similar complaint with the United States Department of Housing and Urban Development ("HUD") and the New York State Division of Human Rights ("DHR"), and that HUD and the DHR issued a preliminary finding which stated that plaintiff failed to complete the application process.[FN1] (Defs.' Mot. at 2.) LIHP and Bay Shore Partnership contend that because, according to them, plaintiff failed to complete the application process, she cannot allege that she was denied an accessible townhouse solely due to her disability. (Id. at 3.) LIHP and Bay Shore Partnership also argue that Section 504 of the Rehabilitation Act of 1973 does not apply to ownership, as opposed to rental, units (HUD reached this conclusion as well in its preliminary finding), and thus there is no merit to plaintiff's Rehabilitation Act claim. (Id. at 2-3.)

> FN1. Plaintiff notes that her appeal of HUD's preliminary finding has been pending since September 2003. (Pl.'s Mem. in Opp'n at 3.)

The remaining four defendants, who argue generally that they are only peripherally connected to the conduct at issue in the complaint, have made adequate showings that the plaintiff's claims against them are potentially without merit. Specifically, the Town of Islip contends that plaintiff's only allegation against it is that Islip contributed $1.5 million to the project; defendant Beechwood contends that it was simply the general contractor for the project and had no involvement with the project other than the construction of the units; defendant DHCR argues that plaintiff's only factual allegation against it is that DHCR serves as a conduit for federal funding to co-defendant LIHP; and the Town of Huntington argues that it played no role in funding the project or conducting the lottery, and that the Huntington Community Development Agency, which facilitated the lottery, is not an agent of the Town of Huntington. (Id. at 3-5.) Defendants' arguments do not appear to be frivolous or unfounded, and a review of the complaint supports the general contention that the bulk of plaintiff's allegations appear to be directed to defendants LIHP and Bay Shore Partnership.

This is a complex case that involves six defendants, including two towns, two not-for-profit corporations, and a state agency. All parties will necessarily incur substantial expenses if and/or when **discovery** is conducted, and the plaintiff has failed to demonstrate that a **stay** of **discovery**, for the purposes of avoiding such expenses during the pendency of the motions to dismiss, would be unfairly prejudicial. See United States v. County of Nassau, 188 F.R.D. 187, 188-89 (E.D.N.Y.1999) (granting a **stay** of **discovery** during the pendency of a motion to dismiss where the "interests of fairness, economy, and efficiency favor[ed] the issuance of a **stay** of **discovery**," and where the plaintiff failed to claim prejudice in the event of a **stay**).

*3 For the foregoing reasons, defendants' motion to **stay** **discovery** during the pendency of the motions to dismiss is granted.

SO ORDERED.

E.D.N.Y.,2006.
Telesca v. Long Island Housing Partnership, Inc.
Not Reported in F.Supp.2d, 2006 WL 1120636 (E.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2

Westlaw.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1997 WL 86394 (S.D.N.Y.)

(Cite as: Not Reported in F.Supp.)

Page 2

**H**  
Rivera v. Heyman  
S.D.N.Y.,1997.  
Only the Westlaw citation is currently available.  
United States District Court,S.D. New York.  
Amador RIVERA, Plaintiff,  
v.  
I. Michael HEYMAN, Secretary, Smithsonian Institution; Luis A. Palau; and Edward G. Dolan, Defendants.  
No. 96 Civ. 4489(PKL).

Feb. 27, 1997.

Gregory Antollino, New York City.  
Martin J. Siegel, Assistant United States Attorney, New York City.

LEISURE, District Judge.  
*1 The above-captioned matter is an action for employment discrimination on the basis of disability under the Vocational Rehabilitation Act of 1973, 28 U.S.C. § 710 et seq., the New York State Human Rights Law (the " NYSHRL" ), N.Y. Exec. Law § 295 et seq., and the New York City Human Rights Law (the " NYCHRL" ), Admin. Code § 8-107; for unlawful employment retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the NYSHRL, and the NYCHRL; and for injuries under various common law theories. Plaintiff claims that defendants discriminated against him on the basis of the fact that he is infected with the Human Immunodeficiency Virus (" HIV" ), and retaliated against him for opposing such discrimination.

Defendants intend to move for dismissal on the grounds of sovereign immunity and failure to exhaust administrative remedies under the Federal Tort Claims Act, 28 U.S.C. § 1346. Before the Court is defendants' request for a stay of discovery pending disposition of the motion.

DISCUSSION

The trial court has considerable discretion to control the discovery process in cases before it. Rule 26(c) of the Federal Rules of Civil Procedure allow a district court to stay part or all of the discovery process for good cause shown. For example, in *Contemporary Mission, Inc. v. United States Postal Serv.*, 648 F.2d 97, 105 (2d Cir.1981), the Court of Appeals for the Second Circuit held that the district court " acted well within its discretion" when it granted a stay of discovery pending determination of defendants' motion for summary judgment.[FN1]

> FN1. Plaintiff seeks to distinguish the *Contemporary Mission* case by pointing out that it involved a pending motion for summary judgment whereas the instant action involves a pending motion for dismissal. Plaintiff is correct that the onerous legal standard for dismissal makes such a motion difficult to obtain and thus arguably counsels against the granting of a stay pending decision. However, another difference between a motion for summary judgment and one for dismissal points in the opposite direction. A plaintiff denied discovery because of the filing of a summary judgment motion has a powerful argument that the stay could directly cause plaintiff to fail to meet its burden in opposing the summary judgment motion. In the case of a dismissal motion, evidence outside the pleadings is not considered. The plaintiff has no need for discovery to oppose the motion, and therefore this reason for denying a stay of discovery is absent.

Defendants are about to file a motion which could well dispose of many of the issues in this case, if not the entire action. The Court cannot, of course, predict the outcome of the motion until it is brought and briefed by the parties, but it is enough to note that defendants appear at this stage to have a substantial argument for dismissal. Given that disposition of the dismissal motion may significantly narrow, if not eliminate, the issues remaining in the case, proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden on defendants.

Plaintiff's counsel argues principally that: (1) a stay of discovery will unduly delay this action; and (2) the scope of discovery will not be significantly narrowed because the Title VII retaliation claims-as to which defendants do not have a sovereign immunity

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1997 WL 86394 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.)**

defense-will require essentially the same discovery as the non-Title VII claims. Neither argument is convincing. Plaintiff bases his first argument on his contention that defendants' motion lacks merit. If the Court were convinced that defendant had a minimal probability of success on its dispositive motion or that such a motion was merely a delay tactic, then a stay of discovery would be denied. However, the motion, upon preliminary examination, appears to be substantially grounded. This action was commenced in June of 1996. A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.

*2 As to plaintiff's second argument, defendants' apparent position with regard to the Title VII retaliation claims is not that dismissal is warranted on sovereign immunity grounds, but rather on the grounds that plaintiff's claims are not covered under Title VII. Indeed, plaintiff's first amended complaint alleges that defendants retaliated against him on the basis of his filing of discrimination charges in December of 1993. *See* First Am. Compl. ¶ 90. Those charges related to plaintiff's claim that he was discriminated against on the basis of his HIV status. *See id.* ¶¶ 16-24. Title VII's anti-retaliation provision covers claims of retaliation on the basis of activities protected *under Title VII,* including the filing of charges of discrimination on the basis of race or gender. *See*42 U.S.C. § 2000e-3(a) (1994). Filing charges of *disability* discrimination does not appear to constitute an activity protected under Title VII. Thus, contrary to plaintiff's position, the Title VII cause of action may be subject to dismissal as well.

CONCLUSION

The requested stay of discovery pending disposition of the motion for dismissal is HEREBY GRANTED. The parties are HEREBY ORDERED to comply with the following briefing schedule for the motion to dismiss: (1) defendants shall file the motion on or before March 3, 1997; (2) plaintiff shall file his opposition on or before March 24, 1997; and (3) defendants shall file their reply, if any, on or before March 31 1997. Failure by defendants to comply with the above deadlines, absent an extension by consent of the parties and endorsed by this Court in advance of the due date, will result in lifting of the stay.

S.D.N.Y.,1997.
Rivera v. Heyman

Not Reported in F.Supp., 1997 WL 86394 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.