UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SUSAN PINSKY,                            :   ECF

                Plaintiff,     :   07 Civ. 3328 (CM) (HP)

  - against -                            :   DEFENDANT'S NOTICE OF
                                                MOTION FOR A STAY OF
JP MORGAN CHASE & CO.,                   :   DISCOVERY PURSUANT TO
                                                FED. R. CIV. P. 26(c)

                Defendant.    :

------------------------------------------------------------X

DOCUMENT ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/21/07

**MEMO ENDORSED**

      PLEASE TAKE NOTICE that, upon the Complaint, filed March 27, 2007 in the Supreme Court of the State of New York, County of New York, Defendant's Amended Answer, filed June 4, 2007, the annexed Affidavit of Frederic L. Lieberman, sworn to September 20, 2007, the accompanying memorandum of law, and all the prior pleadings and proceedings heretofore had herein, Defendant JPMorgan Chase Bank, N.A., incorrectly named herein as JPMorgan Chase & Co., by and through its attorneys, the JPMorgan Chase Legal and Compliance Department, Frederic L. Lieberman, Assistant General Counsel, will move this Court, at the United States Courthouse, 500 Pearl Street, New York, New York 10007, for an order pursuant to Fed. R. Civ. P. 26(c), staying discovery and extending sine die the dates set in the Consent Scheduling Order, filed June 29, 2007, pending determination of Defendant's motion for summary judgment, and for such other relief as this Court deems just and proper.

[handwritten endorsement: 9/21/07 — illegible notation — USDJ]

161083 v1

Dated: September 20, 2007

                                                Yours, etc.,

                                                **JPMORGAN CHASE LEGAL AND COMPLIANCE DEPARTMENT**

                                                By: _____
                                                     Frederic L. Lieberman
                                             Attorneys for Defendant
                                             JPMorgan Chase Bank, N.A.
                                             One Chase Manhattan Plaza, 26th Floor
                                             New York, New York 10081
                                             (212) 552-1815

To:    Arthur Z. Schwartz, Esq.
        Schwartz, Lichten & Bright, P.C.
        275 Seventh Avenue, Suite 1700
        New York, New York 10001
        (212) 228-6320

        Attorneys for Plaintiff

AVERY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | | |
|---|---|---|
| SUSAN PINSKY, | : | ECF |
| Plaintiff, | : | 07 Civ. 3328 (CM) (HP) |
| - against - | : | **AFFIDAVIT OF FREDERIC L. LIEBERMAN IN SUPPORT OF DEFENDANT'S MOTION FOR A STAY OF DISCOVERY** |
| JP MORGAN CHASE & CO., | : | |
| Defendant. | : | |

------------------------------------------------------------X

STATE OF NEW YORK   )
                                  ) SS.:
COUNTY OF NEW YORK )

Frederic L. Lieberman, being duly sworn, deposes and says:

1.  I am an Assistant General Counsel in the JPMorgan Chase Legal and Compliance Department, attorneys for JPMorgan Chase Bank, N.A. ("Defendant" or the "Bank"), the Defendant in this action, incorrectly named as JPMorgan Chase & Co.

2.  I am familiar, based on personal knowledge, information and belief, and/or the records of the Defendant, with the facts and circumstances hereinafter set forth. I make this affidavit in support of Defendant's motion pursuant to Fed. R. Civ. P. 26(c) for a stay of discovery and an extension sine die of the dates set in the Consent Scheduling Order pending determination of Defendant's motion for summary judgment.

3.  On March 27, 2007, Pinsky filed her Complaint in this action in New York State Supreme Court, asserting claims against the Bank of disability discrimination under the New York State Human Rights Law and the New York City Human Rights Law and alleging that it failed to make reasonable accommodation for her disability.

161084.v1

4. Plaintiff's Complaint was served on Defendant on March 28, 2007.

5. On April 26, 2007, Defendant removed this action from New York State Supreme Court, New York County, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

6. On May 15, 2007, Defendant filed its Answer to Pinsky's Complaint.

7. On June 4, 2007, Defendant filed its Amended Answer to Pinsky's Complaint.

8. On June 29, 2007, the Court adopted the parties' Consent Scheduling Order, submitted in response to the Court's May 7, 2007 Order. A copy of the Consent Scheduling Order is attached hereto as Exhibit "A".

9. In relevant part, the Consent Scheduling Order requires that: (1) Plaintiff's deposition proceed first and must be completed by September 28, 2007; (2) Rule 26(a)(2) disclosures must be made no later than October 19, 2007 for plaintiff's expert report and November 16, 2007 for defendant's expert report; (3) all discovery shall be completed on or before December 31, 2007; (4) a joint pretrial order, together with trial memoranda of law, shall be filed on or before February 29, 2008; and (5) motions for summary judgment shall be served no later than February 29, 2008.

10. On September 19, 2007, Pinsky attempted to file an Amended Complaint in this action, asserting an additional claim against the Bank of disability discrimination under the Americans with Disabilities Act, alleging that it failed to make reasonable accommodations for her disability.

11. On September 20, 2007, the Bank filed its Rule 56 motion for summary judgment in which it seeks to have the Court to dismiss all of Plaintiff's claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. In its motion for summary judgment, the Bank asserted that

Plaintiff's claims are barred by the Release Agreement that Plaintiff executed on June 24, 2005. Thus, the Bank's motion is potentially dispositive of the entire case.

12.    Defendant's counsel wrote to Plaintiff's attorney on September 18, 2007 concerning the relief requested in this motion, but as of the time of filing this motion, Plaintiff's attorney had not yet responded. Thus, the parties were unable to reach agreement regarding the requested relief.

13.    Defendant now seeks a stay of discovery to avoid the potential waste of the Court's resources that would occur if the Court's determination whether the Release Agreement executed by Plaintiff bars her claims in this action was delayed until after discovery, additional conferences, and submission of a summary judgment motion that also addressed the substance of Plaintiff's claims. In addition, Defendant seeks by this motion to conserve the parties' resources that must be expended in taking and defending the depositions of Plaintiff and the various persons Plaintiff claims to have discoverable information regarding her claims, and the completion of the other discovery and pre-trial proceedings called for by the Consent Scheduling Order, as those actions will not be necessary if Defendant's motion for summary judgment is granted.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

WHEREFORE, Defendant respectfully requests that the Court (1) grant its motion for a stay of discovery and an extension *sine die* of the dates set in the Consent Scheduling Order pending determination of Defendant's motion for summary judgment; and (2) grant such other and further relief as this Court deems just and proper.

_____
Frederic L. Lieberman

Sworn to before me this
____20th____ day of September, 2007

_____
Notary Public

TODD A. GUTFLEISCH
Notary Public, State of New York
No. 02GU5039698
Qualified in Nassau County
Commission Expires February 21, 20 11

161084:v1                                   4

Reorder No 5105
JULIUS BLUMBERG INC
NYC 10013
10% P C W

Case 1:07-cv-03328-CM-HBP    Document 23    Filed 09/21/2007    Page 8 of 10

FROM JP MORGAN CHASE

OFFICE RECORD (WED) 6. 20 07 18:35/NO. 4860861470 P 3

DOCKET YES ✓  NO ____  CLOSED ____

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

SUSAN PINSKY,

              Plaintiff,

- against -

JP MORGAN CHASE & CO.,

              Defendant.

----------------------------------------X

07 Civ. 3328 (CM) (HP)

**CONSENT SCHEDULING ORDER**

Upon consent of the parties, it is hereby

ORDERED as follows.

1. Rule 26(a) discovery must be exchanged on or before July 16, 2007.

2. No additional parties may be joined after July 31, 2007.

3. No amendments to the pleadings will be permitted after July 31, 2007.

4. All discovery shall be completed on or before December 31, 2007. (In personal injury, civil rights, employment discrimination or medical malpractice cases: plaintiff's deposition shall proceed first and must be completed by September 28, 2007.) "All discovery" includes expert discovery. This means that expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(B) must be made *well before* the discovery deadline. Rule 26(a)(2) disclosures must be made no later than (for plaintiff's expert report): October 19, 2007; (for defendant's expert report) November 16, 2007.

5. Do not contact Judge McMahon about discovery disputes; go directly to your assigned Magistrate Judge. An order of reference to your assigned Magistrate Judge is attached to this consent scheduling order form. Please provide the Magistrate Judge with the Order of Reference on or before a scheduled appearance pertaining to discovery issues.

6. A joint pretrial order in the form prescribed in Judge McMahon's individual rules shall be filed on or before February 29, 2008, together with trial memoranda of law. The court will then schedule a final pre-trial conference. In limine motions must be filed within five days after receipt of notice of a final pre-trial conference; responses to in limine motions are due five days after the motions are made. Cases can be called for trial at any time after the final pre-trial conference.

158921.v1

FROM JP MORGAN CHASE                    (WED) 6 20'07 18:36/ST. 18:35/NO. 4860681470 P 4

7.  No motion for summary judgment shall be served after the deadline fixed for submission of the pretrial order. *The filing of a motion for summary judgment does not relieve the parties of the obligation to file the pretrial order on time.*

8.  If any party claims a right to trial by jury, proposed voir dire questions and jury instructions shall be filed with the joint pretrial order.

9.  Any party seeking damages from any other party must append to this statement a one-page addendum explaining the factual and legal basis for the claimed damages, explaining how you propose to prove damages and setting forth a calculation of anticipated damages.

10. This scheduling order may be altered or amended only on a showing of good cause not foreseeable at the date hereof. *Counsel should not assume that extensions will be granted as a matter of routine.*

Dated: 6/26/07
New York, New York 10007

_____
Hon. Colleen McMahon
United States District Judge

Consented to:

SCHWARTZ, LICHTEN & BRIGHT, P.C.

By: _____
Arthur Z. Schwartz, Esq.
Attorneys for Plaintiff
275 Seventh Avenue, Suite 1700
New York, New York 10001
(212) 228-6320

JPMORGAN CHASE LEGAL AND
COMPLIANCE DEPARTMENT

By: _____
Frederic L. Lieberman, Esq.
Attorneys for Defendant
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-1815

158921:v1                              2