# SLB SCHWARTZ, LICHTEN & BRIGHT PC
## Attorneys at Law

275 Seventh Avenue  Suite 1700
New York, New York 10001
Phone 212 228 6320  Facsimile 212 358 1353

**MEMO ENDORSED**

Arthur Z Schwartz*
Stuart Lichten
Daniel R Bright

*Also admitted in Pennsylvania

September 24, 2007

[Handwritten endorsement: 9/25/07 — All you have to do is file self(?) in response with a Rule 56(f) response. If you own, defendant's summary judgment motion will be fully briefed... will not be allowed to file another. CM]

By UPS Overnight

Hon. Colleen McMahon
United States District Court
500 Pearl Street
New York, New York 10007

Re: Pinsky v. JP Morgan Chase & Co.
07 Civ. 3328
<u>Motion for Summary Judgment</u>

Dear Judge McMahon:

This office represents plaintiff in the above-referenced matter.

Defendant has moved for summary judgment, asserting that a release signed by plaintiff in 2005 bars the instant action.

By its own terms, the release, which flowed out of a reduction in force following the reorganization of plaintiff's department, was to take effect upon plaintiff's termination from employment, which was not going to occur until July 18, 2005. Prior to July 18, 2005, plaintiff was to have an opportunity to find another position at JP Morgan Chase. If that had occurred, the release was to be null and void. Given plaintiff's high level of performance in the JP Morgan Chase mortgage department, she fully expected to remain employed.

Unfortunately, due to defendant's failure to accommodate plaintiff's disability, she suffered an injury and had to stop working on or about June 25, 2005 and was placed on disability leave. Under defendant's disability leave plan, she could not be terminated while out on leave. Instead, she continued to be paid a long-term disability benefit, and maintained all of her employee benefits. In early 2007, while still out on leave, plaintiff filed this lawsuit alleging discrimination under the State and City Human Rights Laws. Defendant removed the case to

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/07



SCHWARTZ, LICHTEN & BRIGHT PC
Attorneys at Law

Hon. Colleen McMahon
September 24, 2007
Page 2

Federal Court on diversity grounds, and plaintiff has filed an amended complaint, adding an Americans with Disabilities Act claim.

Although defendant pleaded the release as an affirmative defense, it could not claim that the release had been effectuated since plaintiff had not received the payments due under the severance agreement. In July, plaintiff's surgeon, who operated to correct her disability, wrote a note stating that plaintiff "is cleared to return to work on September 1." Without even examining plaintiff, defendant had her disability payments stopped, cancelled her leave, began making the severance payments, and claimed that the release went into effect sometime in early September, 2007.

These circumstances give rise to two issues which impact on the summary judgment motion:

1. Plaintiff is not, in fact, ready to return to work. Her treating physicians, in August, noting an exacerbation of her condition, have delayed her return. If being healthy enough to work is a condition of putting the severance agreement into effect, there remains an issue of fact regarding whether it should have been triggered under the most generous view of its applicability.

2. There are substantive, fact-based issues (as well as an issue of law) about whether the severance agreement could be triggered *after* plaintiff filed suit. There are questions about what event could trigger the agreement, and whether it could be triggered without plaintiff beginning her job search within JP Morgan Chase. It appears that defendant decided to begin running the "60 day clock" in July and declared it over in September. The documents attached to the motion do not lend great clarity to these issues.

Defendant now asks us to litigate this summary judgment motion before we take depositions which would clarify this issue. Both sides have provided an extensive number of documents, but defendant has resisted the depositions. **Now that you have denied the Motion to Stay Discovery, we request that you adjourn the return date of the motion until 45 days after discovery is completed. This will allow a full exploration of the terms of the release, and will allow experts on both sides to weigh in on when or whether plaintiff has recovered.**


SCHWARTZ, LICHTEN & BRIGHT PC
Attorneys at Law

Hon. Colleen McMahon
September 24, 2007
Page 3

Your consideration is appreciated.

Respectfully submitted,

Arthur Z. Schwartz

AZS:dr

cc:   Frederic Lieberman, Esq. (by fax: 212-552-1630)
      Susan Pinsky