UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

SUSAN PINSKY,

                                  Plaintiff,

            - against -

JP MORGAN CHASE & CO.,

                                  Defendant.

07 Civ. 3328 (CM)

DECLARATION SUBMITTED
PURSUANT TO RULE 56(F)
OF THE FEDERAL RULES
OF CIVIL PROCEDURE

------------------------------------------------------------------------ X

       Arthur Z. Schwartz declares, under penalty of perjury, as follows:

       1.      Our office represents plaintiff in the above-referenced matter.

       2.      Defendant has moved for summary judgment, asserting that a release signed by plaintiff in 2005 bars the instant action.

       3.      By its own terms, the release, which flowed out of a reduction in force following the reorganization of plaintiff's department, was to take effect upon plaintiff's termination from employment, which was not going to occur until July 18, 2005.  Prior to July 18, 2005, plaintiff was to have an opportunity to find another position at JP Morgan Chase.  If that had occurred, the release was to be null and void.  Given plaintiff's high level of performance in the JP Morgan Chase mortgage department, she fully expected to remain employed.

       4.      Unfortunately, due to defendant's failure to accommodate plaintiff's disability, she suffered an injury and had to stop working on or about June 25, 2005 and was placed on disability leave.  Under defendant's disability leave plan, she could not be terminated while out

on leave. Instead, she continued to be paid a long-term disability benefit, and maintained all of her employee benefit. In early 2007, while still out on leave, plaintiff filed this lawsuit alleging discrimination under the State and City Human Rights Laws. Defendant removed the case to Federal Court on diversity grounds, and plaintiff has filed an amended complaint, adding an Americans with Disabilities Act claim.

5.     Although defendant pleaded the release as an affirmative defense, it could not claim that the release had been effectuated since plaintiff had not received the payments due under the severance agreement.

6.     In July 2007, plaintiff's surgeon, who operated to correct her disability, wrote a note stating that plaintiff "is cleared to return to work on September 1." Without even examining plaintiff, defendant had her disability payments stopped, cancelled her leave, began making the severance payments, and claimed that the release went into effect sometime in early September, 2007.

7.     These circumstances give rise to two issues which impact on the summary judgment motion:

a.     Plaintiff is not, in fact, ready to return to work. Her treating physicians, in August 2007, noting an exacerbation of her condition, have delayed her return. If being healthy enough to work is a condition of putting the severance agreement into effect, there remains an issue of fact regarding whether it should have been triggered under the most generous view of its applicability.

    b. There are substantive, fact-based issues (as well as an issue of law) about whether the severance agreement could be triggered *after* plaintiff filed suit. There are questions about what event could trigger the agreement, and whether it could be triggered without plaintiff beginning her job search within JP Morgan Chase. It appears that defendant decided to begin running the "60 day clock" in July 2007 and declared it over in September 2007. The documents attached to the motion do not lend great clarity to these issues.

  8. Defendant now asks us to litigate this summary judgment motion before we take depositions which would clarify this issue. Both sides have provided an extensive number of documents, but defendant has resisted the taking of depositions.

  9. This past week, the Court denied a Motion to Stay Discovery.

WHEREFORE, plaintiff requests that the Court either adjourn the return date of the motion until 45 days after discovery is completed, allowing for a full exploration of the terms of the release, and allowing experts on both sides to weigh in on when or whether plaintiff has recovered, or that the Court bar defendant from proceeding further with its motion.

Dated: New York, New York
   September 27, 2007

              SCHWARTZ, LICHTEN & BRIGHT, P.C.
              Attorneys for Plaintiff

              By: /s/
               Arthur Z. Schwartz (AZS 2683)
               275 Seventh Avenue, 17th Floor
               New York, New York 10001
               (212) 228-6320
               Fax: (212) 358-1353
               E-mail: districtleader@msn.com