UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SUSAN PINSKY,                          :    ECF

                  Plaintiff,    :    07 Civ. 3328 (CM) (HP)

       - against -                    :    **AFFIDAVIT OF FREDERIC L. LIEBERMAN PURSUANT TO 28 U.S.C. § 1746 IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

JP MORGAN CHASE & CO.,                 :

                  Defendant.    :

------------------------------------------------------------X

STATE OF NEW YORK     )
                            ) SS.:
COUNTY OF NEW YORK   )

Frederic L. Lieberman, being duly sworn, deposes and says:

1. I am an Assistant General Counsel in the JPMorgan Chase Legal and Compliance Department, attorneys for JPMorgan Chase Bank, N.A. ("Defendant" or the "Bank"), the Defendant in this action, incorrectly named as JPMorgan Chase & Co.

2. I am familiar, based on personal knowledge, information and belief, and/or the records of the Defendant, with the facts and circumstances hereinafter set forth. I make this affidavit in response to the declarations of Susan Pinsky, executed September 27, 2007 ("Pinsky "Dec."), and Arthur Z. Schwartz, executed October 4, 2007 ("Schwartz Dec."), both filed with the Court on October 4, 2007, and submitted by Plaintiff pursuant to Fed. R. Civ. P. 56(f) in opposition to Defendant's motion for summary judgment.

3. First, it is appropriate for Defendant to submit this Affidavit because, although Plaintiff's attorney filed his Rule 56(f) Declaration on September 27, 2007, Plaintiff did not file her own Declaration at that time, despite the fact that it had been executed on September 27,

161551:v1

2007, until October 4, 2007, almost one week after Defendant submitted its initial reply to Plaintiff's Rule 56(f) submission.

4. Plaintiff's Declaration, as summarized by her attorney, alleges the existence of six (6) issues of fact about which Plaintiff contends there should be further discovery before hearing and determination of Defendant's motion. See Schwartz Dec. ¶ 2(a-f). Those issues are as follows: (1) whether the Release Agreement ever became effective, either in June 2005 or upon the termination of plaintiff's leave of absence; (2) whether Plaintiff's leave of absence ended and, if so, was it appropriate; (3) whether the cutoff of Plaintiff's disability benefits was appropriate; (4) whether Plaintiff was capable of returning to work either in July 2007, in September 2007, or at this time; (5) whether there were job opportunities available to Plaintiff prior to July 18, 2005 that would have voided the Release Agreement; and (6) whether Plaintiff's transfer to another position prior to July 18, 2005 would have voided the Release Agreement.

5. With regards to the first issue, Plaintiff states that "[i] was her understanding that if [she] signed the Release Agreement, but found a job, the Release would be null and void". Pinsky Dec. at ¶ 3. This does not raise an issue of fact requiring discovery for two reasons. First, as a matter of fact, it is undisputed that Plaintiff has not obtained another position at JPMorgan Chase at any time since June 2005. Second, in any event, any issue regarding what events might render the Release Agreement null and void is a legal issue requiring determination of the meaning of the Release Agreement, which is a valid contract under New York law.

6. The second, third and fourth issues all concern the termination of Plaintiff's disability leave. That act occurred solely because Plaintiff submitted a note from her surgeon to The Hartford that stated that she would be able to return to work on September 1, 2007. Plaintiff's attorney then echoed that position in a letter to Defendant's counsel in this action.

Accordingly, the determination that Plaintiff no longer was disabled and the termination of her disability leave are both the direct result of Plaintiff's actions, and are not the result of any improper action by Defendant. There is no legitimate factual dispute about Plaintiff's actions and she should not be permitted to dispute those facts now.

7. The fifth and sixth issues, which appear essentially to be identical, i.e., whether there were job opportunities available to Plaintiff either before or after July 18, 2005 that would have voided the Release Agreement, are irrelevant to Defendant's motion. As a matter of undisputed fact, Plaintiff had taken a disability leave, was certified as unable to work, did not apply for any positions, and cannot assert that she would have been offered, and would have accepted, any positions for which she might have applied. Thus, assuming that there were such opportunities, they have no probative value regarding the question of whether the Release Agreement bars this lawsuit.

8. Finally, Plaintiff also now contends that she "filed suit well before the Release Agreement went into effect". Pinsky Dec. ¶ 9. This too is incorrect. The Release Agreement became effective as a binding contract between the parties on or about June 24, 2005, at the time Plaintiff executed the document and returned it to Defendant, thus accepting Defendant's offer of severance benefits in exchange for the release of all claims (long before she commenced this action). Moreover, any issue regarding the effective date of the Release Agreement also is a legal, not a factual, issue.

WHEREFORE, Defendant respectfully requests that Plaintiff's application to adjourn the return date of Defendant's summary judgment motion until 45 days after completion of discovery should be denied.

_____
Frederic L. Lieberman

Sworn to before me this
____9th____ day of October, 2007

____Todd Gutfleisch____
Notary Public

TODD A. GUTFLEISCH
Notary Public, State of New York
No. 02GU5039698
Qualified in Nassau County
Commission Expires February 21, 2011

161551:v1                                    4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SUSAN PINSKY,                             :
                                          :   Index No. 104146/07
                        Plaintiff,        :
                                          :   **AFFIDAVIT OF SERVICE**
        - against -                       :
                                          :
JP MORGAN CHASE & CO.,                    :
                                          :
                        Defendant.        :
------------------------------------------------------------X

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

_STUART РАОІЅН_____, being duly sworn, deposes and says, that deponent is not a party to the action, is over eighteen years of age and is employed by JPMorgan Chase Bank, N.A., and that on the 9th day of October, 2007, deponent served the within:

**DECLARATION OF FREDERIC L. LIEBERMAN PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

To:   Arthur Z. Schwartz, Esq.
      Schwartz, Lichten & Bright, P.C.
      275 Seventh Avenue, Suite 1700
      New York, New York 10001

by the address designated for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Sworn to before me this
_9th_ day of October 2007

_Vivian Patricia Falconi_
Notary Public
VIVIAN PATRICIA FALCONI
Notary Public, State of New York
No. 41-4835878
Qualified in Queens County
Certificate Filed in New York County
Commission Expires _Aug 31_, 20_09_

157604:v1