UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

SUSAN PINSKY,                                            :

                           Plaintiff,      :      07 Civ. 3328 (CM) (HP)

            - against -                 :      **DEFENDANT'S ANSWER TO
FIRST AMENDED COMPLAINT**

JP MORGAN CHASE & CO.,                          :      **AND COUNTERCLAIMS**

                     Defendant.     :

---------------------------------------------------------------X

Defendant JPMorgan Chase Bank, N.A. ("the Bank" or "JPMorgan Chase"), incorrectly

named herein as JP Morgan Chase & Co., by its attorney, JPMorgan Chase Legal and

Compliance Department, Frederic L. Lieberman, Assistant General Counsel, as and for its

Answer to the First Amended Complaint and its Counterclaims, asserts as follows:

## AS TO THE INTRODUCTION

1.      The allegations set forth therein in paragraph "1" of the Complaint constitute a

description of Plaintiff's claims in this action as to which no response is required. To the extent

that JPMorgan Chase is required to respond to the allegations of paragraph "1", JPMorgan Chase

admits that Plaintiff purports to bring this action pursuant to the Americans with Disabilities Act,

the New York State Human Rights Law and the New York City Human Rights Law, denies the

truth of the remainder of the allegations set forth therein and further denies that Plaintiff is entitled

to any remedy or relief.

## AS TO JURISDICTION

2.      The allegations set forth therein in paragraph "2" of the Complaint constitute

conclusions of law regarding the Court's subject matter jurisdiction over this action as to which

no response is required. To the extent that JPMorgan Chase is required to respond to the allegations of paragraph "2", JPMorgan Chase denies knowledge or information sufficient to form a belief as to the truth of those allegations.

## AS TO PARTIES

3.    Denies the truth of the allegations set forth in paragraph "3" of the Complaint, except admits that Plaintiff was employed by JPMorgan Chase Bank, N.A., and/or its predecessors and subsidiaries from on or about November 12, 2002 through July 10, 2007.

4.    Denies the truth of the allegations set forth in paragraph "4" of the Complaint, except admits that JPMorgan Chase & Co. is a corporation organized under the laws of the State of Delaware, is authorized to do business in New York, and has a principal place of business located at 270 Park Avenue, New York, New York 10017, and avers that the Bank is a national banking association with its main office at 1111 Polaris Parkway, Columbus, Ohio 43240, and further avers that Plaintiff was employed by JPMorgan Chase Bank, N.A., but not by JPMorgan Chase & Co.

## AS TO STATEMENT OF RELEVANT FACTS

5.    Denies the truth of the allegations set forth in paragraph "5" of the Complaint, except avers that Plaintiff was hired by Chase Investment Services Corp., effective November 12, 2002, as a Personal Financial Advisors Assistant, she applied for and was hired by JPMorgan Chase Bank, effective February 1, 2004, as a Home Equity Loan Officer, and that in or about late 2004 or early 2005, although Plaintiff's job title remained the same, Plaintiff's work location was changed to the Bank's Branch located at 55 Water Street, New York, New York.

6.    Denies the truth of the allegations set forth in paragraph "6" of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8 of the Complaint, except denies the truth of the allegation that Plaintiff's workload increased substantially upon her transfer to the 55 Water Street work location.

9.      Denies the truth of the allegations set forth in paragraph "9" of the Complaint.

10.     Denies the truth of the allegations set forth in paragraph "10" of the Complaint, except avers that Plaintiff first submitted her request for an accommodation to the JPMorgan Chase Medical Department on April 4, 2005, which approved her request for an accommodation that same day, and Plaintiff and her manager then agreed that Plaintiff could use an existing customer service workstation that was designed for use by employees who were standing, rather than requiring the Bank to obtain an additional standing desk.

11.     Admits the truth of the allegations set forth in paragraph "11" of the Complaint, except avers that Plaintiff and her manager agreed that Plaintiff could use an existing customer service workstation that was designed for use by employees who were standing, rather than requiring the Bank to obtain an additional standing desk.

12.     Denies the truth of the allegations set forth in paragraph "12" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's hip pain.

13.     Denies the truth of the allegations set forth in paragraph "13" of the Complaint, except admits that Plaintiff complained that she had not been provided with a standing desk.

14.    Denies the truth of the allegations set forth in paragraph "14" of the Complaint, except avers that Plaintiff was notified orally in or about March 2005 and in writing on May 20, 2005 that her position as a Home Equity Loan Officer was being eliminated, and that she received a sixty (60) day paid notice period in which to seek a new position before the elimination of her position and the termination of her employment took effect, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning her intent and expectations.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16.    Denies the truth of the allegations set forth in paragraph "16" of the Complaint.

17.    Denies the truth of the allegations set forth in paragraph "17" of the Complaint, except denies knowledge or information as to the truth of the allegations regarding when Plaintiff is expected to be able to resume working.

18.    Repeats and realleges its responses to paragraphs "1" through "17" of the Complaint as if fully set forth herein.

## AS TO PLAINTIFF'S FIRST CAUSE OF ACTION

19.    Denies the truth of the allegations set forth in paragraph "19" of the Complaint.

## AS TO PLAINTIFF'S SECOND CAUSE OF ACTION

20.    Denies the truth of the allegations set forth in paragraph "20" of the Complaint.

## AS TO PLAINTIFF'S THIRD CAUSE OF ACTION

21.    Denies the truth of the allegations set forth in paragraph "21" of the Complaint.

## AS TO DAMAGES

22.    Denies the truth of the allegations set forth in paragraph "22" of the Complaint.

23.    Denies the truth of the allegations set forth in paragraph "23" of the Complaint.

24.    The allegations set forth in the "Prayer for Relief" section of the Complaint constitute a demand for relief as to which no response is required. To the extent that JPMorgan Chase is required to respond to the allegations of the "Prayer for Relief", JPMorgan Chase denies that Plaintiff is entitled to any or all of the remedies or relief sought therein.

## AFFIRMATIVE DEFENSES

JPMorgan Chase asserts that it only bears the burden of proof on those matters set forth herein as affirmative defenses within the meaning of Fed. R. Civ. P. 8(c). JPMorgan Chase sets forth its defenses and affirmative defenses to Plaintiff's claims as follows:

## AS AND FOR A FIRST DEFENSE

25.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted or the damages sought can be awarded.

## AS AND FOR A SECOND DEFENSE

26.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy the jurisdictional prerequisites, appropriate statutes of limitations and/or conditions precedent to asserting any or all of such claims.

## AS AND FOR A THIRD DEFENSE

27.    Plaintiff's disability discrimination claims are barred, in whole or in part, by the fact that any and all actions taken by JPMorgan Chase with respect to Plaintiff were based upon legitimate, non-discriminatory business reasons totally unrelated to Plaintiff's alleged disability, and were without any discriminatory animus or in violation of any rights under any discrimination laws.

## AS AND FOR A FOURTH DEFENSE

28.     Plaintiff's disability discrimination claims are barred because she does not come within the statutory definitions of an individual with a disability or impairment.

## AS AND FOR A FIFTH DEFENSE

29.     Plaintiff's disability discrimination claims are barred because she did not identify herself as an individual with a disability or impairment as defined by the statutes or request an "accommodation" of any alleged disability or impairment at any time.

## AS AND FOR A SIXTH DEFENSE

30.     Plaintiff's claims are barred because any reasonable accommodation requested by Plaintiff would have imposed an undue hardship on the Bank.

## AS AND FOR A SEVENTH DEFENSE

31.     Each and every action taken by JPMorgan Chase was undertaken in good faith and in full compliance with all applicable laws, rules, and regulations.

## AS AND FOR AN EIGHTH DEFENSE

32.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## AS AND FOR A NINTH DEFENSE

33.     Upon information and belief, Plaintiff's claims for damages are barred and/or limited in that she has failed to mitigate her damages by using reasonable diligence to seek and obtain comparable employment elsewhere.

## AS AND FOR A TENTH DEFENSE

34.     Plaintiff's claims are barred and/or limited by the doctrine of laches, waiver or estoppel.

## AS AND FOR AN ELEVENTH DEFENSE

35.     Plaintiff's claims are barred and/or limited by her fraudulent conduct.

## AS AND FOR A TWELFTH DEFENSE

36.     Plaintiff's claims are barred and/or limited by her violation of the Bank's Code of Conduct.

## AS AND FOR A THIRTEENTH DEFENSE

37.     Plaintiff's damages are barred and/or limited by the after acquired evidence doctrine.

## AS AND FOR A FOURTEENTH DEFENSE

38.     Plaintiff's claims are barred and/or limited by the Release Agreement with JPMorgan Chase Bank that she executed on or about June 24, 2005.

## AS AND FOR A FIFTEENTH DEFENSE

39.     Upon information and belief, Plaintiff's claims pursuant to the New York City Human Rights Law are barred by Plaintiff's failure to serve a copy of the Complaint herein on the New York City Commission on Human Rights.

## AS AND FOR A SIXTEENTH DEFENSE

40.     Plaintiff's claims for punitive damages are barred in that the Bank did not act maliciously or with reckless indifference toward Plaintiff.

## COUNTERCLAIMS

## FACTUAL BACKGROUND

41.     Plaintiff submitted documentation regarding her back condition from her physician to the Bank's Health Services unit on or around April 4, 2005.

42.     JPMorgan Chase's Disability Leave Policy allows qualified employees to take a leave of absence for up to 26 weeks for approved disabilities for any illness or injury that lasts more than one workweek.  This leave is only available if an employee is unable to perform the material and substantial duties of his/her position on an active employment basis.

43.     The portion of the short-term disability leave which is paid, and the rate of payment, is based upon years of service with JPMorgan Chase.

44.     As a result of her back condition, Plaintiff commenced a leave of absence from her employment with the Bank beginning on or around June 13, 2005.

45.     Plaintiff was approved for, and received, short-term disability benefits for the period from June 13, 2005 through December 11, 2005.

46.     JPMorgan Chase's Disability Leave Policy provides that, when an employee's position is eliminated during an approved disability leave, the employee's employment termination date typically will be deferred until the employee's disability leave has ended.

47.     JPMorgan Chase's Disability Leave Policy provides that, where an employee's disability continues after completing an approved 26 week short-term disability leave, the employee may be eligible for long-term disability benefits if the employee elected long-term disability coverage under the Bank's employee benefit plan.

48.     Plaintiff elected long-term disability coverage under the Bank's employee benefit plan for the 2002, 2003, 2004, 2005, 2006, and 2007 benefits years.

49.     Plaintiff was approved for long-term disability benefits by The Hartford as of December 12, 2005.

50.     Plaintiff commenced a long-term disability leave of absence beginning on or around December 12, 2005.

51.     JPMorgan Chase's Disability Leave Policy provides that, when an employee is approved for long-term disability benefits, the employee will be placed on LTD employment status.

52.     Plaintiff was placed on LTD status as of December 12, 2005.

53.     The Hartford terminated Plaintiff's long-term disability leave as of July 10, 2007, based on information submitted by one of Plaintiff's health care providers.

54.     Upon information and belief, Plaintiff has received long-term disability payments continuously since in or about December 2005 through and including July 2007.

55.     Upon information and belief, Plaintiff has received an amount of long-term disability benefits commensurate with being considered fully disabled and unable to work.

56.     During her long-term disability leave, Plaintiff from time to time has submitted proof to The Hartford that she remained fully disabled and was eligible to continue to receive long-term disability benefits.

57.     JPMorgan Chase's Disability Leave Policy provides that, when an employee is on a disability leave, the employee continue many of his/her elected benefits so long as the employee makes the necessary contributions.

58.     Plaintiff elected medical, dental, and vision coverage for the 2006 and 2007 benefits years under the Bank's benefit plan.

59.     Under the Bank's benefit plan, medical, dental, and vision coverage are paid in part by the employee and in part by the Bank.

60.     The Bank has paid for medical, dental, and vision coverage for Plaintiff for the 2006 and 2007 benefits years.

61.     The JPMorgan Chase & Co. Code of Conduct provides that all employees are required to obtain pre-clearance for any paid, outside activity, including a second job, or any affiliation with another business as an officer, or in any similar position.

62.     Plaintiff affirmed that she would comply with the Code of Conduct on December 18, 2002, October 21, 2003, and March 3, 2005.

63.     Upon information and belief, notwithstanding all of the foregoing, Plaintiff was employed by, performed services for, and/or was affiliated with Tri-State Biodiesel, LLC as its Chief Administration Officer.

64.     Plaintiff also was and is an investor in Tri-State Biodiesel, LLC.

65.     Upon information and belief, Plaintiff failed to advise The Hartford that she no longer was disabled.

66.     Plaintiff failed to advise the Bank that she no longer was disabled and could be removed from LTD status pursuant to the provisions of the Bank's Disability Leave Policy.

67.     As a result of Plaintiff's failure to advise the Bank that she no longer was disabled and could be removed from LTD status, the Bank did not terminate Plaintiff's employment following the elimination of her position, and Plaintiff continued to be eligible for, and receive, medical, dental and vision benefits at the employee contribution rate rather than at the higher COBRA rate for terminated employees.

68.     Plaintiff neither requested, nor received, any pre-clearance from the Bank regarding her employment with Tri-State Biodiesel, despite being required to do so by the JPMorgan Chase Code of Conduct.

69.     Plaintiff neither requested, nor received, any pre-clearance from the Bank regarding her investments in Tri-State Biodiesel, despite being required to do so by the JPMorgan Chase Code of Conduct.

70.     Plaintiff failed to advise the Bank that she now is employed by Tri-State Biodiesel.

## AS AND FOR A FIRST COUNTERCLAIM

## FRAUD

71.     Defendant realleges and incorporates by reference Paragraphs "41" through "70" as if fully set forth hereat.

72.     During some or all of the period during which Pinsky was on short-term and long-term disability leave from JPMorgan Chase, Pinsky represented to JPMorgan Chase that she was fully disabled and unable to work and/or concealed the fact that she was not fully disabled and was able to work.

73.     Pinsky knew that such representations were false during some or all of the period during which she was on short-term and long-term disability leave from JPMorgan Chase.

74.     Pinsky intended to mislead JPMorgan Chase regarding her alleged disability and ability to work during some or all of the period during which she was on short-term and long-term disability leave from JPMorgan Chase.

75.     JPMorgan Chase reasonably relied on Pinsky's representations that she was fully disabled and unable to work.

76.     Had JPMorgan Chase known that Pinsky no longer was fully disabled and was able to work, it would have proceeded with the termination of her employment pursuant to the job elimination notice which she received on or about May 30, 2005.

77.    As a direct and proximate result of Pinsky's misrepresentations and/or concealment of relevant facts, Pinsky has been able to received medical, dental, and vision benefits coverage under the JPMorgan Chase benefits plan at the employee cost, which includes an employer contribution, rather than at the COBRA cost, which does not include an employer contribution.

78.    As a direct and proximate result of Pinsky's misrepresentations and/or concealment of relevant facts, and JPMorgan Chase's reliance on those facts, JPMorgan Chase has been damaged.

## AS AND FOR A SECOND COUNTER-CLAIM

### UNJUST ENRICHMENT

79.    Defendant realleges and incorporates by reference Paragraphs "41" through "70" as if fully set forth hereat.

80.    During some or all of the period during which Pinsky was on short-term and long-term disability leave from JPMorgan Chase, Pinsky was enriched in that she was able to obtain medical, dental, and vision benefits coverage at the employee cost rather than at the COBRA cost.

81.    During some or all of the period during which Pinsky was on short-term and long-term disability leave from JPMorgan Chase, Pinsky was enriched at JPMorgan Chase's expense in that JPMorgan Chase made employer contributions to her medical, dental, and vision benefits coverage, rather than Pinsky bearing the entire cost of such benefits.

82.    Equity and good conscience militate against permitting Pinsky to retain the difference between the COBRA cost and the employee cost of such benefits in that Pinsky was not entitled to receive such benefits at the employee cost.

## AS AND FOR A THIRD COUNTER-CLAIM

## BREACH OF CONTRACT

83.     Defendant realleges and incorporates by reference paragraphs "41" through "70" as if fully set forth hereat.

84.     JPMorgan Chase & Co.'s Code of Conduct, although not an employment contract, sets forth certain terms and conditions of employment with JPMorgan Chase.

85.     Every JPMorgan Chase employee's compliance with the Code of Conduct and with other applicable policies and procedures is a term and condition of his/her employment by JPMorgan Chase.

86.     By failing to request and obtain clearance from JPMorgan Chase to hold her position as Chief Administration Officer with Tri-State Biodiesel, LLC, and to invest in Tri-State Biodiesel, LLC, Plaintiff breached her agreement with JPMorgan Chase to comply with the terms of the Code of Conduct.

87.     JPMorgan Chase has been injured by Plaintiff's breach of her agreement to comply with the terms of the Code of Conduct.

**WHEREFORE,** Defendant JPMorgan Chase Bank, N.A. demands judgment against Plaintiff:

(a)     dismissing the Complaint in its entirety with prejudice;

(b)     denying the demands and prayer for relief contained in the Complaint;

(c)     granting judgment in favor of JPMorgan Chase Bank, N.A. and awarding it damages on each of its counterclaims;

(d)     awarding Defendant JPMorgan Chase Bank, N.A. its reasonable costs, disbursements, and attorneys' fees; and

(e)    granting such other further relief as may be just and proper.

Dated:  January 30, 2008

JPMORGAN CHASE LEGAL AND
COMPLIANCE DEPARTMENT

By:    _____
       Frederic L. Lieberman, Esq.
Attorneys for Defendant
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-1815
frederic.l.lieberman@jpmchase.com

To:    Arthur Z. Schwartz, Esq.
       Schwartz, Lichten & Bright, P.C.
       275 Seventh Avenue, Suite 1700
       New York, New York 10001
       (212) 228-6320

       Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SUSAN PINSKY,                                          :

                        Plaintiff,     :

           - against -                    :

JP MORGAN CHASE & CO.,                                 :

                     Defendant.    :

-----------------------------------------------------------------X

Index No. 104146/07

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                            ) ss.:
COUNTY OF NEW YORK  )

_Marlene Thompson_____, being duly sworn, deposes and says, that deponent is not a party to the action, is over eighteen years of age and is employed by JPMorgan Chase Bank, N.A., and that on the 30th day of January, 2008, deponent served the within:

### DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT
### AND COUNTERCLAIMS

To:    Arthur Z. Schwartz, Esq.
        Schwartz, Lichten & Bright, P.C.
        275 Seventh Avenue, Suite 1700
        New York, New York 10001

by the address designated for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Sworn to before me this
3rd day of January 30, 2008

_____
Notary Public

VIVIAN PATRICIA FALCONI
Notary Public, State of New York
No. 41-4835878
Qualified in Queens County
Certificate Filed In New York County
Commission Expires Aug 31, 20 09

157604:v1