# MEMO ENDORSED   JPMorganChase ⬡

**JPMorgan Chase & Co.**
Legal and Compliance Department
One Chase Manhattan Plaza
New York, NY 10081

| USDS SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 2/20/08 |

Frederic L. Lieberman, Esq.
Vice President and
Assistant General Counsel
[212] 552-1815
[Fax] 552-1630

February 20, 2008

_[handwritten note:]_ 2/20/08 While my clerk's failure to check the docket before working on the motion docket before idea (and led to a colossal) this was a bad idea (and led to a colossal) waste of time in a busy chambers). I asked to letter takes the cake. You asked me. said OK. Don't now suggest that you really had not withdrawn your motion. It will become y m. file one motion with a 35 page brief by March 31

<u>Via facsimile (212) 805-6326</u>

The Honorable Colleen McMahon
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:  Susan Pinsky v. JP Morgan Chase & Co.
     (U.S. Dist. Ct., S.D.N.Y., 07 Civ. 3328 (CM) (HP))

Your Honor:

The JPMorgan Chase Legal and Compliance Department represents JPMorgan Chase Bank, N.A. ("JPMorgan Chase" or "Defendant") in the above-entitled action. We write regarding the Court's February 19, 2008 Order Withdrawing The Court's February 11, 2008 Decision Granting Defendant's Motion for Summary Judgment.

On September 20, 2007, JPMorgan Chase served and filed a motion for summary judgment solely on the ground that Plaintiff's claims were barred by a release she had given to Defendant. That motion remained pending until February 11, 2008 when the Court issued its Decision and Order granting Defendant's motion.

On February 1, 2008, with the February 29, 2008 deadline for service of summary judgment motions approaching, Defendant wrote to the Court regarding its intent to amend its motion for summary judgment. Specifically, Defendant requested that it be permitted to withdraw its pending motion for summary judgment and to file an amended motion for summary judgment no later than February 29, 2008 that would address the merits of Plaintiff's claims, as well as the release issue. On February 4, 2008, the Court endorsed Defendant's letter by stating only "Go right ahead." Since that time, because Defendant still was drafting its amended motion for summary judgment, Defendant had <u>not</u> withdrawn the summary judgment motion filed in September 2007. Accordingly, that motion remained pending before the Court.

_[signature]_ Colleen McMahon
2/20/08

The Honorable Colleen McMahon                                          February 20, 2008
Page 2

On February 15, 2008, I spoke with Plaintiff's attorney regarding the Court's February 11, 2008 Decision and Order. Plaintiff's attorney advised me that he intended to move for reconsideration of that Decision and Order, but that he needed an extension of Plaintiff's time to make such a motion because he would be on vacation this week. I told him that Defendant did not object to an extension of Plaintiff's time to file a motion for reconsideration. At the same time, however, I requested his consent to a request for an extension of Defendant's time to move for summary judgment regarding its counterclaims against Plaintiff, which otherwise remained at February 29, 2008. Plaintiff's attorney gave me his consent and suggested that the time be extended until thirty days after the motion for reconsideration was decided.

Since my conversation with Plaintiff's attorney on February 15, I have not received any ECF notice of the filing of any application by Plaintiff to extend her time to move for reconsideration. I have not received a copy of any correspondence from Plaintiff's attorney addressed to the Court, and I have not been party to any conversation with Plaintiff's attorney and Your Honor's Chambers. As a result, I was very surprised to see a reference in the Court's February 19, 2008 Decision and Order to an "agreement between the parties" to extend the time for filing a summary judgment motion on the counterclaims to March 30, 2008.

Defendant respectfully submits that the Court's granting of Defendant's request that it be permitted to withdraw its September 2007 summary judgment and to file an amended summary judgment motion, both of which acts have yet to occur, does not constitute a valid basis for the Court's Order withdrawing the Decision and Order granting Defendant's motion for summary judgment. Accordingly, Defendant respectfully requests that the Court reinstate the February 11, 2008 Decision and Order.

Alternatively, if the February 11, 2008 Decision and Order is not reinstated, Defendant respectfully requests that its time to file its amended motion for summary judgment be extended. After receiving the February 11, 2008 Decision and Order on February 14, 2008, I put aside the draft of the amended summary judgment motion papers that I had been preparing and turned my attention to other matters. I currently have a position statement due to the United States Department of Labor Occupational Safety and Health Administration in a Sarbanes-Oxley whistleblower retaliation matter that is due to be served and filed on February 25, 2008 (a date which cannot be extended further). Zen v. JPMorgan Chase, 2-4173-08-023. I also am preparing for a deposition of the plaintiff that is scheduled for February 26, 2008 in Lu v. Chase Investment Services Corp. (E.D.N.Y. CV 07-1256). After that deposition, I am scheduled to prepare four witnesses, and then defend their depositions, in the Lu matter, which depositions are scheduled for March 3 and 4, 2008. Preparation of those witnesses will take place between February 27 and 29, 2008. After those depositions are completed, I am scheduled to prepare three witnesses, and then defend their depositions, in Perez v. JPMorgan Chase Bank, N.A. (S.D.N.Y. 07 Civ. 8446), which preparation and depositions are scheduled to take place between March 5 and 12, 2008. In view of this schedule, I will not be able to complete Defendant's amended motion for summary judgment in this action by February 29, 2008. Although I believe that I will be able to complete the amended summary judgment motion in time to file it by March 21, 2008, if the Court prefers, the amended motion for summary judgment and the counterclaims summary judgment motion can be combined into a single motion, albeit one that may necessitate

The Honorable Colleen McMahon                                            February 20, 2008
Page 3

a request for an enlargement of the number of pages permitted in the memorandum of law, with
the filing date for that motion set for Monday, March 31, 2008.

Respectfully submitted,

FLL
cc:      Arthur Z. Schwartz, Esq. (via facsimile)