UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | | |
|---|---|---|
| SUSAN PINSKY, | : | ECF |
| Plaintiff, | : | 07 Civ. 3328 (CM) (HP) |
| - against - | : | **AFFIDAVIT OF LISA A. JELINSKI IN SUPPORT** |
| JP MORGAN CHASE & CO., | : | **OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Defendant. | : | |

------------------------------------------------------------X

STATE OF OHio         )
                     ) SS.:
COUNTY OF CUYAHOGA )

LISA A. JELINSKI, being duly sworn, deposes and says:

1. I am an Assistant Vice President and Human Resources Business Partner for JPMorgan Chase Bank, N.A. (the "Bank"), the Defendant in this action, incorrectly named as JP Morgan Chase & Co. In this position, I support Chase Home Equity. I have been employed by the Bank for five years and I have held my current position since August 1, 2006.

2. In my capacity as a Human Resources Business Partner, I am familiar, based on personal knowledge, information and belief, and/or the records of the Defendant, with the facts and circumstances hereinafter set forth. I make this affidavit in support of Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56(b).

3. Plaintiff was employed by the Bank as a Home Equity Loan Officer ("HELO") beginning February 1, 2004. See Exhibit "51" at ¶ 5. The duties of, and qualifications for, the HELO position are set forth in a Job Description, a true and correct copy of which is attached to Defendant's Rule 56.1 Statement as Exhibit "3".

Relevant JPMorgan Chase Policies and Plans

4. JPMorgan Chase & Co., the Bank's holding company parent, has a domestic firm-wide Disability and Reasonable Accommodation Policy (the "Reasonable Accommodation Policy"). True and correct copies of the two versions of the Reasonable Accommodation Policy that were in effect during 2005 are attached to Defendant's Rule 56.1 Statement as Exhibit "4".

5. JPMorgan Chase & Co. has a Severance Pay Plan that sets forth certain benefits that may be available to eligible employees. A true and correct copy of the Severance Pay Plan Summary Plan Description that was in effect in May 2005 is attached to Defendant's Rule 56.1 Statement as Exhibit "23".

6. JPMorgan Chase & Co. has a domestic firm-wide Disability Leave Policy. True and correct copies of the three versions of the Disability Leave Policy that were in effect between June 2005 and September 2007 are attached to Defendant's Rule 56.1 Statement as Exhibits "26", "27" and "28".

The Elimination of Plaintiff's Position with the Bank and Her Leave of Absence

7. Between late 2004 and mid-2005, the Bank advised its Home Equity Loan Officers, including Pinsky, that it was eliminating all such positions.

8. On or about May 20, 2005, Dee Lakhani, Plaintiff's manager, gave Plaintiff written notice that her HELO position with the Bank was being eliminated, her employment would be terminated as of July 18, 2005, and she was eligible for severance-related benefits. A true and correct copy of the notice letter given to Plaintiff is attached to Defendant's Rule 56.1 Statement as Exhibit "24".

9. The notice letter offered Plaintiff seven (7) weeks of severance pay if she did not obtain another position with JPMorgan Chase within sixty (60) days of the date of the notice

letter, on condition that Plaintiff execute a proposed Release Agreement. See Exhibit "24" at p. 1. The consideration offered Pinsky in exchange for her entering into the Release Agreement exceeded the benefits to which Pinsky already was entitled, since Plaintiff had no other right to any severance benefits. See Exhibits "23" p. 4 and "24".

10. On June 24, 2005, after being notified of the elimination of her position and the proposed termination of her employment, and pursuant to the provisions of the Severance Pay Plan and the May 20, 2005 notice letter, Susan Pinsky executed a Release Agreement and returned it to the Bank. A true and correct copy of the Release Agreement executed by Pinsky is attached to Defendant's Rule 56.1 Statement as Exhibit "25".

11. In the meantime, on June 13, 2005, Plaintiff began a short-term disability leave of absence. See Exhibit "31" p 1.

12. Plaintiff elected long-term disability coverage under the Bank's employee benefit plan for the 2002, 2003, 2004, 2005, 2006, and 2007 benefits years. Accordingly, after approximately twenty-six (26) weeks of short-term disability leave, Plaintiff was approved for a long-term disability leave of absence, effective December 12, 2005. See Exhibit "31" p. 1.

Post-Litigation Events

13. On April 20, 2007, soon after I learned that Pinsky had commenced this action, I conducted an on-line internet search using her name. One of the search hits was from a website for a company identified as Tri-State Biodiesel, LLC ("Tri-State"), an alternative fuel company.

14. According to Tri-State's website as of April 20, 2007, Susan Pinsky was a member of the "TSB Team". The webpage for Ms Pinsky read as follows: "Susan Pinsky, Chief Administration Officer - Susan recently left her position as an Assistant Treasurer at JP Morgan Chase to join the Tri-State Biodiesel team.... Her expertise in management and her leadership

3

skills have made her the perfect fit to build the corporate structure of our company. She currently manages all the City and State Licensing, the Company registrations and the financials." A copy of a screenshot from Tri-State's website taken on April 20, 2007 is attached to Defendant's Rule 56.1 Statement as Exhibit "42".

15. On July 9, 2007, I checked the Tri-State website again. Although the website still listed Ms Pinsky as a member of the TSB Team, the information provided regarding her had been changed by deleting the reference to JPMorgan Chase. Otherwise, Tri-State's description of Plaintiff's relationship to it remained the same. A copy of a screenshot from Tri-State's website taken on July 9, 2007 is attached to Defendant's Rule 56.1 Statement as Exhibit "43".

16. On July 10, 2007, Plaintiff's surgeon cleared her to return to work as of September 1, 2007. See Exhibit "33".

17. After Pinsky's long-term disability benefits had been terminated, since Plaintiff had been cleared to return to work, and pursuant to the Severance Pay Plan, the Bank paid Pinsky for ten (10) weeks of severance on September 13 and 14, 2007. A copy of Plaintiff's Payroll Profile is attached to Defendant's Rule 56.1 Statement as Exhibit "35".

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

WHEREFORE, Defendant respectfully requests that the Court (1) grant its motion for summary judgment; (2) dismiss this action in its entirety with prejudice; (3) find in favor of Defendant as to its counter-claims against Plaintiff; (4) grant Defendant its costs and attorneys' fees; and (5) grant such other and further relief as this Court deems just and proper.

_____
LISA JELINSKI

Sworn to before me this
___29___ day of March, 2008

_____
Notary Public

5

TOTAL P.e